THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 80AP-940—Decided April 30, 1981.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

*Mr. James Kura* and *Mr. W. Curtis Stitt,* for appellant.

NORRIS, J. This matter is before us on the appeal of defendant-appellant, John Lee Jackson, from a November 12, 1980 judgment of the Court of Common Pleas of Franklin County recommitting him to Lima State Hospital in Allen County, Ohio.

On April 2, 1980, defendant was found not guilty by reason of insanity of a charge of burglary after a trial to a judge

of the Court of Common Pleas of Franklin County. He was subsequently committed to Lima State Hospital.

On November 12, 1980, a hearing was conducted concerning defendant's continued commitment, pursuant to R.C. 2945.40 and 5122.15(H), as they were amended by Am. Sub. S. B. No. 297, which became effective on April 30, 1980. At the conclusion of the hearing the court ordered defendant recommitted to Lima State Hospital after having made these findings:

"(1) By clear and convincing evidence, John Lee Jackson, Respondent, is a person who is mentally ill subject to hospitalization by court order.

"(2) The least restrictive commitment alternative available consistent with the public safety and with treatment goals is that respondent continue to be committed for a period of two years and said commitment is to be at the Lima State Hospital, Lima, Ohio."

At the hearing, defendant did not contest the finding that he was a mentally ill person, but argued that he should be transferred from Lima State Hospital to the Central Ohio Psychiatric Hospital (COPH).

The only testimony at the hearing was offered by Khalid R. Matouk, a staff psychiatrist at Lima State Hospital, who testified that he had evaluated defendant on a regular monthly basis at Lima State Hospital; that his diagnosis of defendant was of schizophrenia, undifferentiated type; that defendant had a history of habitual excessive drinking and drug abuse; that he had experienced repeated hospitalizations at COPH since 1974; that defendant had no insight into his condition and probably would go back to his previous activities if "left on the streets"; that there were not any indications of suicidal intention or depressive moods; that defendant "may steal from somebody or he may become threatening, or hostile, or he can provoke other persons * * * so that he gets involved in a fight, or

something, and he may get harmed"; that defendant had no fights while at Lima State Hospital; that he had walked away from COPH in 1978 and in 1979; that defendant needed hospitalization; that his prognosis was poor; that defendant had proudly said that he steals thirty percent of his income; and that "I don't feel we have done the most that we can do for him, for Mr. Jackson. He is not abusively assaultive. He didn't have any assaultive behavior in Lima State Hospital. I feel he should be tried in COPH even though my recommendation in the past was to keep him in Lima."

Defendant raises three assignments of error:

"1. The lower court erred in recommitting the appellant to Lima State Hospital as the evidence introduced at respondent's recommitment hearing failed to prove by clear and convincing evidence that Lima State Hospital was the least restrictive commitment alternative available.

"2. It was error for the lower court to proceed against appellant pursuant to Amended Substitute Senate Bill Number 297 in that that Act, as applied to the proceedings below, constitutes a violation of the prohibition against ex post facto or retroactive legislation.

"3. It was error for the lower court to proceed pursuant to Amended Substitute Senate Bill Number 297 in that that Act unconstitutionally violates appellant's right to equal protection of the law."

In order to address defendant's contention in his first assignment of error, we must turn our attention to R.C. 2945.-40 (as effective April 30, 1980), which reads, in part, as follows:

"(C) If the court finds by clear and convincing evidence that the person is a mentally ill or mentally retarded person subject to hospitalization or institutionalization by court order, it shall make a commitment * * * and shall send to the place of commitment all reports of the person's mental condition at the time of

the offense and at the time of commitment * * * and any other information the court considers relevant, including any part of the trial transcript. * * *

"(D)(1) In deciding the nature of commitment pursuant to division (C) of this section, the court shall order the implementation of the least restrictive commitment alternative available consistent with the public safety and the welfare of the person. * * *"

Defendant contends that, in order for the trial court to have recommitted him to Lima State Hospital, the court was first required to find by clear and convincing evidence that Lima State Hospital was the least restrictive commitment available consistent with the public safety and his welfare. He argues that the extraordinary burden of proof, of clear and convincing evidence, is mandated upon a court considering the least restrictive commitment alternative under R.C. 2945.40(D)(1) because of the language in that subdivision which refers back to R.C. 2945.40(C).

R.C. 2945.40(C) imposes a clear and convincing standard of proof upon the determination of whether a person is a mentally ill or a mentally retarded person subject to hospitalization or institutionalization. If, by clear and convincing evidence, the court finds that the defendant is such a person, then the court is required to make a commitment. R.C. 2945.40(D)(1) then restricts the nature of the commitment the judge must make under R.C. 2945.40(C). But, the General Assembly has not imposed the clear and convincing evidence standard upon the court's decision under R.C. 2945.40(D)(1); by utilizing distinct section divisions, the General Assembly has clearly indicated its intention that the finding referred to in R.C. 2945.40(C) be separate from and independent of the decision referred to in R.C. 2945.40(D)(1).

The state argues that the trial judge's decision under R.C. 2945.40(D)(1) was within his sound discretion and that his decision can be overturned on appeal only upon a showing that he abused his discretion by acting in an arbitrary and capricious manner. We disagree. A fair reading of the first sentence of R.C. 2945.40 (D)(1) leads one to the conclusion that a trial judge is required to weigh the evidence concerning which is the least restrictive commitment alternative available, consistent with the public safety and the defendant's welfare. In other words, since the General Assembly has failed to specifically impose an extraordinary standard of proof, the general standard, of the preponderance of the evidence, should be applied here.

"* * * [E]vidence preponderates when it is more convincing to the trier [of fact] than the opposing evidence * * *" McCormick on Evidence (2 Ed. 1972), Section 339, at page 793; proof by a preponderance is "* * * proof which leads the jury to find that the existence of the contested fact is more probable than its nonexistence * * *" (footnote omitted) id., at page 794; 21 Ohio Jurisprudence 2d, Evidence, Section 694. Clearly, the trial court's decision that Lima State Hospital was the least restrictive commitment alternative available, consistent with the public safety and the defendant's welfare, was supported by a preponderance of the evidence.

Defendant's first assignment of error is overruled.

Am. Sub. S. B. No. 297 became effective subsequent to defendant's trial; however, the procedures mandated by that Act were followed at the recommitment hearing which gave rise to this appeal. Defendant argues that the new procedures, e.g., changing jurisdiction from the probate court for the county in which the defendant was committed to the trial court, and giving the prosecutor standing at the commitment hearings, made it more difficult for the defendant to achieve a transfer to a less restrictive setting than would have been the case under the law in effect on the date of his trial.

The new procedures do not make the

punishment for a crime more burdensome, as defendant contends. Defendant is not being punished for a crime for he was acquitted by reason of insanity; and, under R.C. 2945.40, he is being treated for his illness. Am. Sub. S. B. No. 297 is therefore not *ex post facto* legislation.

Neither is application of the new procedures to defendant's situation prevented by reason of their being retroactive legislation, as prohibited by Section 28, Article II of the Ohio Constitution. Instead, the questioned provisions of Am. Sub. S.B. No. 297 are prospective in nature, since they are intended to govern treatment and discharge procedures after the law's effective date. The new provisions of law do not take away any vested rights and do not attach any new obligations. See *General Industries Co.* v. *Leach* (1962), 173 Ohio St. 227 [19 O.O.2d 46]. It cannot be presumed that holding the hearing before the trial court, rather than before the Probate Court for Allen County, will result in prejudice to defendant. See *State* v. *Ramey* (Nov. 23, 1979), Franklin App. No. 79AP-96, unreported. Nor can the involvement of the prosecutor at the hearing be said to impose a new burden or obligation upon a defendant, since we have previously held that a prosecutor's involvement was proper under R.C. 2945.40 as that section read prior to its amendment by Am. Sub. S. B. No. 297. *In re Jones* (Nov. 4, 1980), Franklin App. No. 80AP-153, unreported.

Defendant's second assignment of error is overruled.

Defendant's third assignment of error is likewise without merit. We have previously considered the question of whether the differences in the procedure in the involuntary commitment of those committed through civil process and those committed after having been found not guilty by reason of insanity are so substantial as to amount to a denial of equal protection of the law, and determined that the distinction in procedures did not result in a substantially different procedure. *In re Jones, supra.* Our conclusion is not altered by the amendments adopted through enactment of Am. Sub. S. B. No. 297.

Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.