David J. Wachtel appeals his continued commitment by the Athens County Court of Common Pleas. He argues that the trial court violated his rights to due process by failing to advise him of his rights pursuant to R.C. 2945.40 (C) and R.C. 2945.401 (F). We agree and find that the trial court failed comply with R.C.2945.40 (C). Wachtel also argues that the court's decision continuing his commitment is against the manifest weight of the evidence, that he received ineffective assistance of counsel during his hearing, and that the trial court erred in ordering him to pay court costs. We find that these arguments are moot and do not address them. Accordingly, we reverse the judgment of the trial court.
 I.
In February 1997, the Athens Police Department charged Wachtel with assault on a peace officer, a violation of R.C. 2903.11 (A) (1), after he sprayed an officer with pepper spray. The officer was attempting to take Wachtel into custody for a psychological assessment because Wachtel had allegedly threatened to kill a local judge. Wachtel pled not guilty by reason of insanity ("NGRI"). The trial court ordered Shawnee Forensic Center to evaluate Wachtel. In June 1997, the trial court determined that Wachtel was incompetent to stand trial, but could be restored to competency. Therefore, the trial court ordered Wachtel sent to a psychiatric facility in order to be restored to competency.
In May 1998, the trial court found Wachtel competent to stand trial and then found him NGRI. The trial court also found that Wachtel was a mentally ill person in need of court ordered inpatient psychiatric hospitalization and that the least restrictive setting was a mental hospital, specifically, the Twin Valley Psychiatric System ("TVSP") in Columbus.
In November 1998, the trial court held a hearing pursuant to R.C. 2945.401 to determine if Wachtel's commitment should be continued. Dr. David Soehner, the attending physician at the TVSP Columbus campus, testified. Soehner diagnosed Wachtel as suffering from a schizoaffective disorder, which includes fixed false beliefs that are mainly persecutory in nature. He testified that in the three weeks prior to the hearing Wachtel had decided to stop taking his medication and begun to taper himself off of the medication. Soehner explained that Wachtel does not think he needs medications at all and does not believe that he has a schizoaffective disorder. Soehner believed that "we have a ways to go before Mr. Wachtel is going to be safe for release."
Soehner then more fully explained why Wachtel is a danger to others is the community:
 "[A]lthough right now if you ask him are you having any thoughts of hurting others. He will say no. However, given the nature of his illness and his past history is such that when he gets upset by another individual or he even perceives another individual attacking him whether they are attacking him or not [his] response is many times is (sic) to use force. * * * So these are numerous examples where Mr. Wachtel has propensity for violence and without medications my fear is that he will get into conflict again with someone and react violently."
In Soehner's expert opinion, Wachtel is mentally ill and needs to be on medication in order to reduce his risk of violence in the community. Soehner opined that Wachtel "remains a danger to others in society as long as he continues to believe that he does not have mental illness and does not need medications or follow up with the mental health community."
Wachtel also testified at the hearing. Wachtel explained that the reasons he felt he did not need medication are that (1) other doctors had told him in the past that he did not need medication, and (2) that he
 "believe[s] that medication tends to suppress [his] emotions and feelings, which are what [he] need to deal with. What [the medications] do is short circuit the healing process and what [he needs] to do is come to grips or * * * "to face the music" of the feeling state that [he has] created by allowing people to get to [him] and wrongfully and in a very unhealthy manner responding to times that people have attacked [him] and abused [him] and stolen from [him] and thrown [him] out on the street * * *."
Wachtel then attempted to introduce over twenty exhibits. When the trial court indicated that the exhibits were self explanatory, Wachtel responded "[b]ut I believe that it's an order under Section 2945.40 of the Ohio Revised Code, Section (C) (3). It says that I have a right to present evidence on my behalf and the right to testify * * *." Ultimately the trial court admitted Wachtel's exhibits.
At the end of the hearing, the trial court ordered Wachtel committed for another two years and to pay court costs. Wachtel appeals, asserting the following assignments of error for our review:
 I. The trial court violated Mr. Wachtel's right to due process under the Ohio and United States Constitutions and his statutory rights und R.C. § 2945.40 (C) when it failed to provide Mr. Wachtel the advice required by R.C. §§ 2945.40 (C) and 2945.401 (F) at the November 23, 1998 commitment hearing.
 II. The trial court violated Mr. Wachtel's right to due process under the Ohio and United States Constitutions and continued his commitments contrary to law when it concluded that the state had proved the elements required under R.C. § 2945.401 and 5122.01
by clear and convincing evidence.
 III. Mr. Wachtel was deprived of his rights to due process and to the effective assistance of counsel under the Ohio and United States Constitutions when his appointed counsel failed to object to the trial court's failure to provide the advice required under R.C. §§ 2945.40 (C) and 2945.401 (F).
 IV. The trial court erred as a matter of law and violated Mr. Wachtel's rights to due process and equal protection under the Ohio and United States Constitutions when it imposed court costs upon him without a hearing and notwithstanding that he was not convicted of a criminal offense.
 II.
In his first assignment of error, Wachtel argues that the trial court erred in failing to advise him of his rights pursuant to R.C. 2945.40 (C) and R.C. 2945.401 (F). He asserts that this failure violated his right to due process during the proceedings.
Once a defendant is found NGRI and has been involuntary committed pursuant to R.C. 2945.40, he is entitled to a continued commitment hearing pursuant to R.C. 2945.401. Such a hearing is not a criminal proceeding. See State v. Hawkins (1999), 87 Ohio St.3d 311,314.
The General Assembly amended. R.C. 2945.40 (C) effective March 13, 1997 to require trial courts to inform individuals subject to involuntary or continued commitment of certain rights. See Am.Sub.S.B. No. 285, 146 Ohio Laws, Part VI, 11168, 111204.
R.C. 2945.40 (C) now provides:
 If a person is found not guilty by reason of insanity, the person has the right to attend all hearings conducted pursuant to sections 2945.37 to 2945.402
of the Revised Code. At any hearing conducted pursuant to one of those sections, the court shall inform the person that the person has all of the following rights:
 (1) The right to be represented by counsel and to have that counsel provided at public expense if the person is indigent * * *;
 (2) The right to have independent expert evaluation and to have that independent expert evaluation provided at public expense if the person is indigent;
 (3) The right to subpoena witnesses and documents, to present evidence on the person's behalf, and to cross-examine witnesses against the person;
 (4) The right to testify in the person's own behalf and to not be compelled to testify;
 (5) The right to have copies of any relevant medical or mental health document in the custody of the state or of any place of commitment other than a document for which the court finds that the release to the person of information contained in the document would create a substantial risk of harm to any person.
No authority exists that interprets this section nor that explores the consequences of the trial court failing to comply with R.C. 2945.40 (C).
As evidenced by the enactment of Am.Sub.S.B. No. 285, the General Assembly has determined that it is important for individuals facing the loss of their liberty or the continued deprivation of their liberty through involuntary or continued commitment to be informed of their rights during the hearing determining their commitment. We find that the General Assembly's use of the word "shall" in 2945.40 (C) places a duty upon the trial court to inform persons facing involuntary or continued commitment of the rights listed in that section.
However, we do not reach the question of whether the trial court must scrupulously adhere to trial court 2945.40 (C) 's requirements or whether the trial court must substantially comply with 2945.40 (C)'s requirements in order to avoid reversal. Regardless of which standard applies, the trial court did not meet it. The trial court simply did not inform Wachtel of any of the rights outlined in R.C. 2945.40 (C) at any point in the commitment proceedings. Thus, we find that the trial court erred by failing to comply with R.C. 2945.40 (C).
Additionally we cannot find, as the state urges, that the trial court's error was harmless. Given Wachtel's strained relationship with his appointed counsel and his heavy involvements in the proceedings, there is a reasonable probability that Wachtel, had the trial court informed him of his rights, would have exercised his rights, which would have affected the outcome of the proceedings.
Accordingly, we sustain Wachtel's first assignment of error.
 III.
We need not address Wachtel's second, third, or fourth assignments of error because they are moot. See App.R. 12 (A) (1) (c).
 IV.
In sum, we sustain Wachtel's first assignment of error. His second, third, and fourth assignments of error are moot. Therefore, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the CAUSE REMANDED to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
________________________ Roger L. Kline, Presiding Judge