OPINION
{¶ 1} Appellees-Appellants, Ohio School Facilities Commission ("OSFC") and State Employment Relations Board ("SERB"), appeal from a decision of the Franklin County Court of Common Pleas that reversed SERB'S dismissal of three petitions for amendment of certification filed by appellant-appellee, Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO ("OCSEA"). For the following reasons, we affirm.
 {¶ 2} OCSEA is the certified exclusive representative for certain collective bargaining units composed of State of Ohio employees. In 2001, OCSEA negotiated with the state to include within those collective bargaining units the employees of OSFC. When the negotiations failed, OCSEA filed three petitions for amendment of certification and three petitions for clarification of a bargaining unit with SERB.
 {¶ 3} While the six petitions were pending before SERB, the Ohio General Assembly enacted Am. Sub. H.B. No. 405. Along with amending, enacting, and repealing various other sections of the Revised Code, Am. Sub. H.B. No. 405 amended R.C. 3318.31, which governs the powers and responsibilities of OSFC. As amended, R.C. 3318.31(B) stated:
 The employees of the commission shall be exempt from Chapter 4117. of the Revised Code and shall not be public employees as defined in section 4117.01 of the Revised Code.
 {¶ 4} Relying upon this newly enacted provision, OSFC filed with SERB a motion to dismiss the six petitions. OSFC argued that R.C. 3318.31, as amended by Am. Sub. H.B. No. 405, excluded OSFC employees from the category of "public employees." As only public employees have collective bargaining rights under Chapter 4117, OSFC contended that amended R.C.3318.31 rendered OCSEA's petitions moot. SERB agreed and granted OSFC's motion.
 {¶ 5} In response, OCSEA filed a petition for a writ of mandamus in this court and asserted that SERB had improperly dismissed the six petitions. We held that Am. Sub. H.B. No. 405 violated the "one-subject rule" of the Ohio Constitution, and we severed from R.C. 3318.31 the provision that Am. Sub. H.B. No. 405 had added to it. State ex rel. OhioCivil Sen/.Employees Assn., AFSCME, Local 11, AFL-CIO v. State Emp.Relations Bd., 152 Ohio App.3d 551, 2003-Ohio-2021, at ¶ 30. Because SERB based its decision to dismiss the petitions upon an unconstitutional, invalid amendment, we issued a writ of mandamus ordering SERB to reinstate the petitions within 30 days and to render its decision on the petitions in accordance with law. Id. at ¶ .
 {¶ 6} SERB sought reversal of our ruling in the Supreme Court of Ohio, but the appeal did not succeed. State ex rel. Ohio Civil Sen/. EmployeesAssn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd,104 Ohio St.3d 122, 2004-Ohio-6363. The Supreme Court of Ohio affirmed our judgment, and in accordance with our order, SERB reinstated the petitions.
 {¶ 7} While the reinstated petitions were pending before SERB, the General Assembly enacted Sub. S.B. No. 56, which struck from R.C. 3318.31
the unconstitutional provision and reinserted the exact same language. After this second amendment to R.C. 3318.31 became effective, SERB again dismissed OCSEA's petitions.[1]
 {¶ 8} OCSEA filed an R.C. 119.12 appeal from the dismissal order. In part, OCSEA argued that SERB erred in applying amended R.C. 3318.31
retrospectively to OCSEA's pending petitions. Accepting OCSEA's argument, the trial court found SERB'S dismissal order to be contrary to law, and ordered it reversed and the matter remanded to SERB. Both OSFC and SERB now appeal that judgment to this court.
 {¶ 9} On appeal, OSFC assigns the following error:
 The common pleas court's decision was contrary to law, when it held that because an amendment to R.C. § 3318.31 is presumed to be prospective in application, the State Employment Relations Board was obligated to apply the law as it existed at the time the union filed its representation petitions, notwithstanding the fact that at the time SERB acted, the subject employees were no longer "public employees" subject to the collective bargaining act or within SERB'S jurisdiction.
 {¶ 10} SERB assigns a similar, if more generic, assignment of error:
 THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANTS STATE EMPLOYMENT RELATIONS BOARD AND OHIO SCHOOL FACILITIES COMMISSION WHEN IT REVERSED SERB'S DISMISSAL OF THREE PETITIONS FOR AMENDMENT OF CERTIFICATION FILED BY APPELLEE OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION, AFSCME LOCAL 11, AFL-CIO.
 {¶ 11} OCSEA assigns the following conditional assignments of error:
 1. In The Absence Of A Contrary Legislative Intent Expressly Stated In Sub. S.B. No. 56, R.C. § 1.58 Prohibits A Retrospective Application Of R.C. 3318.31(B) To The Petitions Pending Before SERB.
 2. SERB'S Application Of Sub. S.B. No. 56 To The Pending Petitions Violates Article II, Section 28, Of The Ohio Constitution And Article I, Section 10 Of The United States Constitution.
 3. R.C. § 4117.10(A) Requires That In The Event Of A Conflict Such As The Conflict Between Newly Enacted R.C. § 3318.31 (B) And R.C. § 4117.01
(C), The Latter Prevails.
 4. R.C. § 4117.10(A) Requires That In The Event Of A Conflict Such As The Conflict Between Newly Enacted R.C. § 3318.31(B) And The Parties' Negotiated Labor Agreement, The Latter Prevails Over R.C. § 3318.31(B).
 {¶ 12} Before we may address these assignments of error, we must first address OCSEA's motion to dismiss for lack of subject-matter jurisdiction. OCSEA contends that R.C. 119.12 prohibits appellants from appealing the trial court's judgment to this court. We disagree.
 {¶ 13} In relevant part, R.C. 119.12 states:
 The judgment of the court [of common pleas] shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency * * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency * * *
The Supreme Court of Ohio has interpreted this "clear language" to allow agencies "the right to appeal only on questions of law pertaining to state statutes as well as rules and regulations which where promulgated by the agency." Miller v. Dept. of Indus. Relations (1985),17 Ohio St.3d 226-227. Significantly, that an appeal raises a question of law is not sufficient; the question of law must relate to the constitutionality, construction, or interpretation of a statute or rule.Wolff v. Ohio Dept. of Job and Family Services, 165 Ohio App.3d 118,2006-Ohio-214, at ¶ 8; Garwood v. State Med. Bd. of Ohio (1998),127 Ohio App.3d 530, 532.
 {¶ 14} At the core of the instant appeals is a single question — should this court interpret R.C. 3318.31, as amended by Sub. S.B. No. 56, to apply to OCSEA's petitions ¶ This is a question of law that relates to the interpretation of a statute, thus giving OSFC and SERB the right to appeal to this court. Accordingly, we deny OCSEA's motion to dismiss.
 {¶ 15} We now turn to appellants' assignments of error, which we will address together. By these assignments of error, appellants argue that the trial court erred in concluding that the application of amended R.C.3318.31 to OCSEA's petitions would render that statute retroactive. We disagree.
 {¶ 16} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether it "is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. Although the trial court must defer somewhat to the agency's findings of fact, it must construe the law on its own. OhioHistorical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466,471 ("To the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently."). Likewise, this court's review of whether the agency's order is "in accordance with law" is plenary. Kistler v. Ohio Bur. ofWorkers' Comp., Franklin App. No. 04AP-1095, 2006-Ohio-3308, at ¶ 9;Gralewski v. Ohio Bur. of Workers'Comp., 167 Ohio App.3d 468,2006-Ohio-1529, at ¶ 17.
 {¶ 17} " `Retroactive laws and retrospective application of laws have received near universal distrust of civilizations.' " State v.Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, at ¶ 9, quoting Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 104. Evidencing that distrust, Ohio law includes both a statutory and constitutional barrier to retroactive laws, and incorporates both barriers into a framework for determining whether a statute is impermissibly retroactive. First, R.C.1.48 establishes a presumption that statutes operate prospectively, unless they are "expressly made retrospective." Second, Section 28, Article II of the Ohio Constitution, prohibits the General Assembly from passing retroactive laws that affect substantive rights. Initially, a court must engage in the statutory inquiry, which requires the court to determine whether the General Assembly intended the statute to be retroactive. Rubbermaid, Inc. v. Wayne Cty. Auditor, 95 Ohio St.3d 358,2002-Ohio-2338, at ¶ 4; Walls, supra, at ¶ 10; Bielat v. Bielat,87 Ohio St.3d 350, 353, 2000-Ohio-451. If the court answers this inquiry affirmatively, it moves on to the question of whether the statute is substantive, rendering it unconstitutionally retroactive, or merely remedial. Rubbermaid, at ¶ 4; Walls, at ¶ 15; Bielat, at 353.
 {¶ 18} When applying R.C. 1.48 to a particular statute, a court must ascertain the express intent of the General Assembly. Without a " `clear indication of retroactive application, * * * the statute mayonly apply to cases which arise subsequent to its enactment.' "Walls, supra, at ¶ 10, citing Van Fossen, supra, at 106 (emphasis sic). In other words, if a court cannot find a clearly expressed legislative intent for retroactivity, then the statute is solely prospective in application. State ex rel. Kilbane v. Indus. Comm., 91 Ohio St.3d 258,259, 2001-Ohio-34; State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, at1J14.
 {¶ 19} Here, amended R.C. 3318.31 contains no language that indicates that the General Assembly intended it to apply retrospectively. Accordingly, it operates prospectively, which means it cannot impair the application of pre-existing law to OCSEA's petitions. SERB, therefore, erred in dismissing OCSEA's petitions on the basis of amended R.C.3318.31.
 {¶ 20} Appellants, however, argue that the above analysis ignores the threshold question of whether SERB actually applied amended R.C. 3318.31
in a retrospective manner. Appellants assert that amended R.C. 3318.31
is not retroactive because it did not impair any vested rights or otherwise affect transactions or considerations already past.
 {¶ 21} Determining whether or not a newly enacted statute has an effect on vested rights or past transactions is at the core of the constitutional retroactivity inquiry. Bielat, supra, at 354 ("[A] retroactive statute is substantive — and thereforeunconstitutionally retroactive — if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.") (Emphasis sic.) As we stated above, a court may only initiate the constitutional inquiry if it first finds that the General Assembly intended a statute to have retrospective application. Appellants' argument erroneously shifts the constitutional inquiry to the fore.
 {¶ 22} Appellants are correct when they assert that a court may sometimes have to initially question whether the issue of retroactivity is present in a case. However, the key inquiry in such cases is not whether the statute affects substantive rights, but rather whether the statute affects any rights accrued or remedies employed during the time period preceding the effective date of the statute. See DiscountCellular, Inc. v. Pub. Utilities Comm., 112 Ohio St.3d 360,2007-Ohio-53, at ¶ 47 (PUCO could not apply an order retrospectively to dismiss a complaint seeking a declaration of rights on past facts and upon laws existing prior to the order); Bielat, supra, at 353 (defining retroactive laws as laws that are " `made to affect acts or facts occurring, or rights accruing, before it came into force' "); U.S.X.Corp. v. Ohio Unemployment Comp. Bd. of Review (1990),70 Ohio App.3d 566, 569 ("[Retroactive application of a statute typically occurs when the statute, then in effect, is applied to a time period preceding the effective date of the statute.").
 {¶ 23} The difference between a statute that applies retrospectively and one that does not is illustrated by State v. Hawkins (1999),87 Ohio St.3d 311, and LaSalle, supra. In Hawkins, the newly enacted statute divested the trial court of jurisdiction over a defendant found not guilty by reason of insanity once the maximum prison term the defendant could have received expired. The state argued that the statute was retrospective in its operation when applied to defendants that were found not guilty by reason of insanity prior to the effective date of the statute. The Supreme Court disagreed, holding that the application of the newly enacted statute "affect[ed] nothing past, neither right nor remedy." Id. at 314. In other words, the statute did not deprive the defendant of any rights or remedies associated with the not guilty by reason of insanity finding or his commitment.
 {¶ 24} LaSalle stands at the other end of the spectrum. There, the defendant filed an application to seal the record of his conviction for domestic violence, a first-degree misdemeanor. Four months later, a newly enacted statute that prohibited the sealing of records of first-degree misdemeanor domestic violence convictions went into effect. After applying R.C. 1.48, the Supreme Court held that the newly enacted statute could not be applied retrospectively to the defendant's application to seal his record. Unlike the situation inHawkins, the application of the newly enacted statute would have adversely affected something past, i.e., the defendant's pre-existing application to seal his record. Due to this adverse effect, the newly enacted statute operated retrospectively, and thus, it triggered an R.C.1.48 inquiry.
 {¶ 25} We find LaSalle, not Hawkins, applicable to the case at bar. Before amended R.C. 3318.31 went into effect, OSFC employees, as "public employees," had the right to join any employee organization of their choosing and to receive representation from that organization. R.C.4117.03(A)(1) and (3). Given the OSFC employees' status as "public employees," OCSEA could petition for amendment of certification — the grant of which would allow the OSFC employees to realize their rights. Ohio Adm. Code 4117-5-01(E). By depriving OSFC employees of their right to representation, amended R.C. 3318.31 vitiated OCSEA's ability to proceed with its petitions to amend. Consequently, because amended R.C.3318.31 acted retrospectively in that it adversely affected the pre-existing petitions, an R.C. 1.48 inquiry into whether the General Assembly intended that retroactive effect is necessary.
 {¶ 26} As the General Assembly did not expressly make amended R.C.3318.31 retroactive, SERB erred in applying it retrospectively. Accordingly, we overrule appellants' assignments of error. Given our resolution of appellants' assignments of error, we find OCSEA's conditional assignments of error moot and do not address them.
 {¶ 27} For the foregoing reasons, we deny OCSEA's motion to dismiss, overrule appellants' assignments of error, and overrule as moot OCSEA's conditional assignments of error. Further, we affirm the judgment of the Franklin County Court of Common Pleas.
Motion denied; judgment affirmed.
TRAVIS and DESHLER, JJ., concur.
 DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] At the time of this dismissal, only OCSEA's petitions for amendment of certification remained pending. SERB had previously dismissed OCSEA's petitions for clarification of a bargaining unit, finding that OCSEA could not achieve its goal of altering the existing bargaining units through such a petition. OCSEA did not appeal that ruling.