[Cite as *Melnyk v. Ohio Dept. of Medicaid*, 2019-Ohio-5134.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melinda Melnyk, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-693 |
| v. | : | (C.P.C. No. 17CV-6227) |
| Ohio Department of Medicaid, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 12, 2019

**On brief:** *Friedman, Domiano & Smith Co., L.P.A., Jeffrey H. Friedman*, and *Richard L. Warren, Jr.,* for appellant. **Argued:** *Richard L. Warren, Jr.*

**On brief:** *Dave Yost*, Attorney General, and *Theresa R. Dirisamer*, for appellee. **Argued:** *Theresa R. Dirisamer.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Melinda Melnyk, appeals the August 16, 2018 decision and entry of the Franklin County Court of Common Pleas affirming the June 30, 2017 decision of defendant-appellee, Ohio Department of Medicaid ("ODM"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This matter arises out of an accident on July 13, 2011, as a result of which appellant, a Medicaid recipient, suffered serious injuries. On October 19, 2011, counsel for appellant sent a letter to ODM[1] seeking an itemization of Medicaid expenditures advanced

---

[1] We note that, at the time of the treatment of her injuries, the Ohio Department of Job and Family Services, formerly known as the Ohio Department of Human Services, was responsible for administering Medicaid expenditures. For ease of discussion, we shall refer to all state entities responsible for administering Medicaid expenditures as "ODM."

on appellant's behalf.  In the letter, counsel for appellant stated that "[t]his letter shall serve as an acknowledgment of [ODM's] purported interest in the case, and [ODM's] purported interest will be protected to the extent [ODM] is entitled to relief under the contract as interpreted by Ohio law."  (Oct. 19, 2011 Letter at 1.)

{¶ 3}    On November 18, 2011, ODM sent appellant a letter stating that "[p]ursuant to [R.C.] 5101.58 and 5101.59, [ODM] has an automatic right of recovery against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the Medicaid recipient."  On February 3, 2012, ODM sent appellant a letter informing her the interim amount of medical expenditures to date totaled $126,568.93 and stating "[ODM] must be reimbursed for its medical assistance if a judgment or settlement is reached."

{¶ 4}    On April 11, 2012, ODM sent appellant a letter in which it again stated "[ODM] must be reimbursed for its medical assistance if a judgment or settlement is reached."  ODM also informed appellant that the final amount of medical expenditures owed was $126,568.93.  Attached to the April 11, 2012 letter was an ODM request for reduction form that contained the following statements: "[ODM] requires full payment of related medical assistance paid unless the settlement is not sufficient to permit full payment.  The following information is needed in order for a request for reduction to be considered.  Completion of this form does not guarantee that your request will be approved. [ODM] makes the final decision in all reduction requests."

{¶ 5}    On June 7, 2012,[2] appellant's counsel sent ODM a letter seeking to "discuss settlement of [ODM's] lien."  Attached to the June 7, 2012 letter was the request for reduction form, which had been filled with information detailing the nature of appellant's request for the reduction of the claim.  The letter explains that appellant only received $300,000 as settlement from the parties involved in her accident and that appellant's counsel "spent numerous hours deposing both drivers and speaking with witnesses" to prove negligence.  (Rec. of Proceedings at 62.)  The letter further explained appellant is a single mother of two minor children and that the amputation of her left leg has hindered her ability to care for them.  Finally, the letter explains she has been assessed substantial charges to hire drivers and housekeepers, and as a result it is necessary for her to recover

---

[2] The letter is dated May 24, 2012.

as much as possible from this settlement. In the form, which was signed and dated June 7, 2012, appellant's counsel listed appellant's settlements in the amount of $300,000.00, attorney fees in the amount of $120,000.00, and expenses in the amount of $17,227.93. Appellant's counsel requested the state reduce its recovery to $50,000.00, leaving a remainder from the settlements in the amount of $112,772.07 for appellant. Attached to the form was a breakdown of settlement, attorney fees, and expenses.

{¶ 6} On June 19, 2012, ODM sent appellant a letter agreeing to reduce the amount appellant owed to satisfy recovery of medical expenditures to $77,848.03. In the letter, ODM stated the following: "[ODM] must be reimbursed for these Medicaid expenditures if a settlement is reached. The amount of the medical expenditures to date is $126,568.93. However, [ODM] has agreed to reduce the portion of the medicals owed to the State to $77,848.03." On July 30, 2012, ODM sent appellant a letter acknowledging appellant's payment of $77,848.03 and discharging her from liability.

{¶ 7} On March 11, 2016, following amendments to Ohio's statutes governing ODM's recovery rights for the costs of medical assistance, appellant sent a letter to ODM requesting a hearing to contest the amount of repayment. On April 22, 2016, ODM acknowledged receipt of appellant's request for a hearing pursuant to R.C. 5160.37.

{¶ 8} On March 21, 2017, appellant waived an in-person hearing and filed a brief in support of reallocation of settlement amounts. Attached to appellant's brief was appellant's affidavit and the affidavit of John C. Meros, an Ohio attorney. In the affidavit, Meros stated that the theoretical value of appellant's claim was $1,300,000. On April 4, 2017, ODM filed its brief, in which it argued the defense of accord and satisfaction barred appellant's claim for recovery. ODM also argued appellant failed to establish by clear and convincing evidence that a different allocation was warranted under R.C. 5160.37.

{¶ 9} On May 8, 2017, the ODM hearing examiner filed an administrative hearing decision, finding appellant established by clear and convincing evidence that her claim "had a theoretical value of $1,300,000." (Decision at 10.) Based on the theoretical value of appellant's claim, the hearing examiner applied the statutory formula for recovery and found that "[a]ppellant has met the burden of producing clear and convincing evidence that this different calculation showing a $50,614.99 overpayment to ODM, rather than the statutory calculation under [R.C.] 5160.37 is warranted." (Decision at 11.) Nevertheless,

the hearing examiner found ODM's affirmative defense of accord and satisfaction barred appellant's recovery of the overpayment.

{¶ 10} On June 30, 2017, the director of ODM filed an administrative appeal decision affirming and adopting the administrative hearing decision. On July 13, 2017, appellant appealed to the common pleas court pursuant to R.C. 119.12 and 5160.37. On August 16, 2018, after being fully briefed by the parties, the common pleas court filed a decision and entry affirming ODM's June 30, 2017 decision.

## II. Assignment of Error

{¶ 11} Appellant appeals and assigns the following sole assignment of error for our review:

> The trial court abused its discretion in its decision and entry of August 16, 2018, affirming the Department of Medicaid's decision that it had proven the affirmative defense of accord and satisfaction.

## III. Analysis

{¶ 12} In her sole assignment of error, appellant asserts the common pleas court abused its discretion by affirming the administrative appeal decision.

## A. Applicable Law

{¶ 13} At the time of appellant's payment to ODM, R.C. 5101.58 governed the recovery rights of the state and county for the costs of medical assistance. Former R.C. 5101.58 provided in pertinent part:

> (A) The acceptance of public assistance gives an automatic right of recovery to the department of job and family services and a county department of job and family services against the liability of a third party for the cost of medical assistance paid on behalf of the public assistance recipient or participant. When an action or claim is brought against a third party by a public assistance recipient or participant, any payment, settlement or compromise of the action or claim, or any court award or judgment, is subject to the recovery right of the department of job and family services or county department of job and family services.
>
> * * *
>
> (G)(1) Subject to division (G)(2) of this section, the right of recovery of a department does not apply to that portion of any judgment, award, settlement, or compromise of a claim, to the extent of attorneys' fees, costs, or other expenses incurred by a recipient or participant in securing the judgment, award,

> settlement, or compromise, or to the extent of medical, surgical, and hospital expenses paid by such recipient or participant from the recipient's or participant's own resources.
>
> (2) Reasonable attorneys' fees, not to exceed one-third of the total judgment, award, settlement, or compromise, plus costs and other expenses incurred by the recipient or participant in securing the judgment, award, settlement, or compromise, shall first be deducted from the total judgment, award, settlement, or compromise. After fees, costs, and other expenses are deducted from the total judgment, award, settlement, or compromise, the department of job and family services or appropriate county department of job and family services shall receive no less than one-half of the remaining amount, or the actual amount of medical assistance paid, whichever is less.

Thus, the statutory formula under former R.C. 5101.58 first deducted attorney fees, expenses and costs from the judgment or settlement. Next, the statute allocated no less than one-half the remaining amount of the settlement or judgment, or the actual amount of the medical assistance paid, whichever was less, to reimburse ODM. *See Encompass Indemn. Co. v. Bates*, 10th Dist. No. 11AP-1010, 2012-Ohio-4503, ¶ 18; *Mulk v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-211, 2011-Ohio-5850, ¶ 28.

{¶ 14} After appellant's payment to ODM, former R.C. 5101.58 was renumbered as R.C. 5160.37 and amended. Effective September 25, 2015, R.C. 5160.37(G)(2) provides:

> Reasonable attorneys' fees, not to exceed one-third of the total judgment, award, settlement, or compromise, plus costs and other expenses incurred by the medical assistance recipient in securing the judgment, award, settlement, or compromise, shall first be deducted from the total judgment, award, settlement, or compromise. After fees, costs, and other expenses are deducted from the total judgment, award, settlement, or compromise, there shall be a rebuttable presumption that the department of medicaid or county department shall receive no less than one-half of the remaining amount, or the actual amount of medical assistance paid, whichever is less. A party may rebut the presumption in accordance with division (L)(1) or (2) of this section, as applicable.

Thus, R.C. 5160.37(G)(2) provides a rebuttable presumption that ODM shall receive an amount calculated using the statutory formula and provides a Medicaid recipient with the opportunity to rebut the presumption. R.C. 5160.37 also grants Medicaid recipients a method to challenge payments made under the statutory formula, providing that "[a]

medical assistance recipient who has repaid money, on or after September 29, 2007, to the department or a county department pursuant to the department's or county department's right of recovery under this section, section 5160.38 of the Revised Code, or former section 5101.58 or 5101.59 of the Revised Code may request a hearing to rebut the presumption in division (G) of this section."  R.C. 5160.37(L)(2).  In order to rebut the presumption in R.C. 5160.37(G)(2), a recipient must demonstrate "by a showing of clear and convincing evidence that a different allocation is warranted."  R.C. 5160.37(L)(2). During the hearing, ODM "may raise affirmative defenses * * * including the existence of a prior settlement with the medical assistance recipient, the doctrine of accord and satisfaction, or the common law principle of res judicata."  R.C. 5160.37(L)(3)(b).

## B. Standard of Review

{¶ 15}  A party to an administrative appeal under R.C. 5160.37 may file an appeal in accordance with R.C. 119.12. R.C. 5160.37(N).  In an administrative appeal under R.C. 119.12, a common pleas court "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."  R.C. 119.12(M).  *See Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619 (1993).  To be "reliable," evidence must be dependable and true within a reasonable probability.  *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).  *See also Rupert v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-173, 2017-Ohio-8377, ¶ 9. To be "probative," evidence must be relevant or, in other words, tend to prove the issue in question.  *Id.*  To be "substantial," evidence must have importance and value.  *Id.*  "[A]n administrative appeal to the common pleas court does not provide a trial de novo, but rather 'the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts.' "  (Internal citations omitted.)  *Capital Care Network of Toledo v. Ohio Dept. of Health*, 153 Ohio St.3d 362, 2018-Ohio-440, ¶ 25, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980).

{¶ 16}  The standard of review for a court of appeals in an administrative appeal is even more limited.  As to factual issues, we must determine whether the common pleas court abused its discretion.  *Avalon Resort & Spa LLC v. State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 18AP-212, 2018-Ohio-4294, ¶ 20, citing *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-318, 2012-Ohio-5669, ¶ 18.  An

abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, when determining whether the agency's decision was in accordance with law, we exercise plenary review. *Avalon* at ¶ 20, citing *BNA Constr., Ltd. v. Dir. of Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-317, 2017-Ohio-7227, ¶ 25, citing *BRT Transp., LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-800, 2015-Ohio-2048, ¶ 15.

**C. Application**

{¶ 17} Appellant argues the common pleas court erred in finding reliable, probative, and substantial evidence supported the administrative appeal decision finding ODM established the affirmative defense of accord and satisfaction. The affirmative defense of accord and satisfaction, when proven in a claim for monetary damages, serves to discharge a party's debt by operation of law. *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 231 (1993). In order to establish accord and satisfaction, three requirements must be met. First, the party seeking to employ the affirmative defense "must show that the parties went through a process of offer and acceptance," which is known as an accord. *Id.* at paragraph one of the syllabus. Second, "the accord must have been carried out," which is known as satisfaction. *Id.* Third, "if there was an accord and satisfaction, it must have been supported by consideration." *Id.*

{¶ 18} The Supreme Court of Ohio has stated that "[t]wo essential safeguards built into the doctrine of accord and satisfaction protect creditors or injured parties from overreaching debtors or tortfeasors: (1) there must be a good-faith dispute about the debt, and (2) the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt." *Id.* at paragraph two of the syllabus. *See also* R.C. 1303.40. Thus, "[i]f there is not an *actual dispute* between the parties, there cannot be an accord and satisfaction." (Emphasis sic.) *Id.* at 232. Two reasons support the good-faith dispute requirement. First, in the absence of a dispute, "the accord would not be supported by consideration because the creditor would not be giving anything up in exchange for the payment from the debtor; if there is an actual dispute, the creditor is sacrificing a real claim against the debtor for further damages." *Id.* Second, the good-faith dispute requirement "protects unsophisticated creditors because it ensures that they are aware that they are giving something up in return for the debtor's offer." *Id.*

{¶ 19} A liquidated claim is one that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law. *Yin v. Amino Prods. Co.*, 141 Ohio St. 21, 29 (1943). *See Katz v. Grossman*, 10th Dist. No. 18AP-503, 2019-Ohio-2582, ¶ 34; *Skiver v. Wilson*, 8th Dist. No. 106560, 2018-Ohio-3795, ¶ 16. A liquidated claim may be disputed where a party raises a "counterclaim or the defense of payment or some other defense that does not concern the amount of plaintiff's claim." *Yin.* " 'A claim is an "unliquidated demand," as the term is used in connection with an accord and satisfaction, if there is a bona fide dispute as to its existence or amount.' " *Smith v. E.S. Wagner Co.*, 3d Dist. No. 4-16-05, 2016-Ohio-8096, ¶ 66, quoting *Kirk Williams Co., Inc. v. Six Industries, Inc.*, 11 Ohio App.3d 152, 154 (2d Dist.1983). The existence of a good-faith dispute is a question of fact. *Dawson v. Anderson*, 121 Ohio App.3d 9, 14 (10th Dist.1997), citing *Scot Smith Realty Co. v. McIlvain*, 2d Dist. No. 15889 (Nov. 1, 1996); *Morgan v. Village Printers, Inc.*, 1st Dist. No. C-030701, 2004-Ohio-3751, ¶ 10; *M&T Elec. Co., Inc. v. LLLJ, Ltd.*, 8th Dist. No. 99479, 2014-Ohio-5678, ¶ 26.

{¶ 20} Here, appellant argues the common pleas court abused its discretion in finding reliable, probative, and substantial evidence supported the director's determination in the administrative appeal decision that a good-faith dispute existed between the parties. In the administrative appeal decision, the director found appellant's counsel's October 19, 2011 letter supported finding the existence of a good-faith dispute. In the letter, appellant's counsel stated that "[t]his letter shall serve as an acknowledgment of [ODM's] *purported interest* in the case, and [ODM's] *purported interest will be protected to the extent* [*ODM*] *is entitled to relief under the contract as interpreted by Ohio law.*" (Emphasis added.) (Oct. 19, 2011 Letter at 1.)

{¶ 21} The director found the letter questioned both the existence and amount of the recovery claimed by ODM. Additionally, the director found the letter to be evidence that appellant considered ODM's purported interest to be subject to interpretation. Based on the October 19, 2011 letter, the director stated that "[t]he subsequent actions of parties of entering into negotiations resulting in ODM agreeing to a substantial reduction in the recovery available under [R.C.] 5101.58 is a strong indicator the parties felt they were negotiating over a disputed claim." (June 30, 2017 Admin. Appeal Decision at 3.) In its

decision, the common pleas court cited appellant's counsel's October 19, 2011 letter to ODM as evidence supporting a good-faith dispute.

{¶ 22} Appellant contends the October 19, 2011 letter is not dispositive because it served as "a request to *discover* the amount of the ODM expenditures and its lien." (Emphasis sic.) (Appellant's Brief at 16.) In support of this contention, appellant notes the letter was written prior to ODM informing appellant of the amount sought for recovery. ODM responds that the October 19, 2011 letter "by describing ODM's interest as 'purported,' signaled that there may be a dispute to the amount provided by ODM." (ODM's Brief at 16.)

{¶ 23} After careful review, we cannot find the common pleas court abused its discretion in determining the record supported the director's finding that there was a good-faith dispute. Although potentially susceptible to more than one interpretation, we cannot find it was an abuse of discretion for the common pleas court to consider the October 19, 2011 letter as evidence supporting the existence of a good-faith dispute. In addition to the October 19, 2011 letter, the record contains other evidence that the existence or amount of ODM's claim for recovery was disputed. In the June 7, 2012 letter to which the request for reduction form was attached, appellant's counsel explained appellant's need to recover as much as possible for her settlement and requested that ODM "[p]lease immediately review the enclosures and contact me so that we may discuss settlement of [ODM's] lien." In the request for reduction form, appellant's counsel proposed ODM reduce its claim from $126,568.93 to $50,000.00. ODM's later actions reducing its claimed recovery to $77,848.03 and appellant's payment of the same amount also serve as evidence that there was a good-faith dispute.[3] Mindful of our standard of review and the deference given by the common pleas court to the administrative agency's resolution of evidentiary conflicts, on the facts of this case, we cannot find the common pleas court abused its discretion in

---

[3] Appellee explains in its brief that "[a]pplying the statutory formula of former R.C. 5101.58 and R.C. 5160.37, the amount of recovery in this case is calculated as follows: the $300,000 settlement figure is reduced by one-third ($100,000) to account for attorney fees. Litigation costs ($17,227.93) are deducted from the remaining $200,000. That total ($182,772.07) is then divided in half, resulting in a recovery amount of $91,386.04. Therefore, ODM was entitled to the lesser of $91,386.04 or the amount that it actually expended (which, in this case, was $126,568.93). *See* former R.C. 5101.58(G)(2); R.C. 5160.37(G)(2); Doc #22, Record of Proceedings, Rec-8, Administrative Hearing Decision, at 2152-2153, ¶¶ 44-47." (Appellee's Brief at 6.)

concluding that reliable, probative, and substantial evidence supported the administrative appeal decision.[4]

{¶ 24} Accordingly, we overrule appellant's sole assignment of error.

## IV. Conclusion

{¶ 25} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____

---

[4] We note that appellant also challenges the common pleas court's determination that "R.C. 5160.37(L)(3)(b) * * * permits an accord and satisfaction affirmative defense to be presented by [ODM], as a sophisticated creditor, without the safeguard of a bona fide dispute." (Aug. 16, 2018 Decision at 12.) Because we find the common pleas court did not abuse its discretion in affirming the administrative appeal decision with regard to the existence of a good-faith dispute, we need not consider the common pleas court's alternative holding or the parties' arguments with respect to the same.