[Cite as *Nalluri v. Ohio Bur. of Workers' Comp.*, 2021-Ohio-4625.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anil Choudary Nalluri, M.D., | : | |
| Appellant-Appellant, | : | |
| | : | No. 21AP-140 |
| v. | : | (C.P.C. No. 19CV-07964) |
| Ohio Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on December 30, 2021

**On brief:** *Graff & McGovern, LPA*, and *Levi J. Tkach,* for appellant. **Argued:** *Levi J. Tkach.*

**On brief:** *David Yost*, Attorney General, and *Jacquelyn McTigue*, for appellee. **Argued:** *Jacquelyn McTigue.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Appellant-appellant, Anil Choudary Nalluri, M.D., appeals from a March 8, 2021 decision from the Franklin County Court of Common Pleas affirming a final order issued by appellee-appellee, Ohio Bureau of Workers' Compensation ("BWC"), denying his application for certification as a provider in the Health Partnership Program ("HPP").

{¶ 2} For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Appellant is a physician licensed to practice medicine in the state of Ohio since 1977. On March 15, 2012, appellant was indicted by a Franklin County Grand Jury of two counts of workers' compensation fraud in violation of R.C. 2913.48, felonies of the fifth degree; and two counts of tampering with records in violation of R.C. 2913.42, felonies of the third degree. *State v. Nalluri*, Franklin C.P. No. 12CR-1367. On December 13, 2012, appellant pleaded guilty to one count of workers' compensation fraud in violation of R.C.

2913.48, a misdemeanor of the first degree.  Appellant paid restitution, costs of the investigation, and voluntarily decertified from BWC reimbursement eligibility.

{¶ 4}  On April 21, 2017, appellant applied to the BWC to be enrolled and certified as a provider in the HPP.  In the application, appellant disclosed that he had a history of one or all of the following: "a felony conviction in any jurisdiction, a conviction under a federal controlled substance act; a conviction for an act involving dishonesty, fraud, or misrepresentation; a conviction for a misdemeanor committed in the course of practice or involving moral turpitude."  By letter dated June 12, 2017, BWC notified appellant that it would deny his application for HPP certification based on a "history of a Felony conviction for Workers' Compensation Fraud."  Appellant requested a hearing before the BWC. On October 19, 2017, BWC sent a letter to appellant stating that his denial was not based on a felony conviction, but appellant's "history of a misdemeanor conviction for Workers' Compensation Fraud, in the Court of Common Pleas, Franklin County, Ohio Case numbers: 12CR-03-1367." (October 19, 2017 Letter.)

{¶ 5}  The hearing was held on November 3, 2017. There is no dispute that the evidence adduced at the hearing demonstrated that appellant had been convicted of workers' compensation fraud in violation of R.C. 2913.48, a misdemeanor of the first degree.  On April 26, 2018, the referee issued a report and recommendation finding that BWC's decision to deny appellant's application for HPP certification was proper. The referee wrote, "Dr. Nalluri admitted, and the record confirms, that on December 13, 2012, he pleaded guilty to one count of Workers' Compensation Fraud, a misdemeanor of the first degree." (Apr. 26, 2018 Report & Recommendation at 5.)  The referee found that it was required to deny the application as long as the guilty plea remains in force.  Appellant filed objections to the report and recommendation.  On September 19, 2019, BWC issued a final order denying appellant's application for certification as a HPP provider.  Appellant filed a notice of appeal to the Franklin County Court of Common Pleas on October 3, 2019.

{¶ 6}  On March 8, 2021, the Franklin County Court of Common Pleas filed its decision and judgment entry affirming the final order issued by BWC finding that the BWC's decision to deny appellant's application for certification as a HPP provider was supported by reliable, probative, and substantial evidence. The common pleas court found that the offense committed by appellant constituted "both a misdemeanor committed in the course of practice and a misdemeanor involving moral turpitude."  (Mar. 8, 2021

Decision & Jgmt. Entry at 6.)  The common pleas court ultimately concluded that, pursuant Ohio Adm.Code 4123-6-02.2(B)(5), the BWC had no discretion to certify a physician's application as a HPP provider if he or she has a felony conviction or a conviction for an act involving dishonesty, fraud, or misrepresentation.  (Mar. 8, 2018 Decision & Jgmt. Entry at 6.)

{¶ 7}   Appellant filed a timely appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Appellant assigns the following as trial court error:

> The common pleas court erred as a matter of law by misapplying BWC's review requirements.

## III.  LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 9}   In appellant's sole assignment of error, he argues the common pleas court erred in misapplying BWC's review requirements for appellant's application for certification as a HPP provider.

{¶ 10} Pursuant to R.C. 119.12, a court of common pleas, when resolving administrative appeals, must review the entire record to determine whether the agency's decision was supported by reliable, probative, and substantial evidence. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *Wloszek v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 12AP-529, 2013-Ohio-769, ¶ 6, citing *Leslie v. Ohio Dept. of Dev.*, 171 Ohio App.3d 55, 2007-Ohio-1170, ¶ 43 (10th Dist.), citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980).  "The court of common pleas' review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof." (Internal quotation and citation omitted.) *Gralewski v. Ohio Bur. of Workers' Comp.*, 167 Ohio App.3d 468, 2006-Ohio-1529, ¶ 16 (10th Dist.).  When determining whether the agency's decision is adequately supported, the court of common pleas must give due deference to the agency's decision as the legislator has determined that it is best positioned to consider the evidence presented.  *Id.* at ¶ 16, quoting *Krain v. State Med. Bd.*, 10th Dist. No. 97APE08-981 (Oct. 29, 1998).

{¶ 11}  The standard of review for this court in an administrative appeal is even more limited and will only reverse the decision of the common pleas court when the decision

constitutes an abuse of discretion. *Melnyk v. Ohio Dept. of Medicaid*, 10th Dist. No. 18AP-693, 2019-Ohio-5134, ¶ 16, citing *Avalon Resort & Spa LLC v. State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 18AP-212, 2018-Ohio-4294, ¶ 20, citing *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-318, 2012-Ohio-5669, ¶ 18. A finding of abuse of discretion requires a finding that a court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "However, on the question of whether the [agency's] order was in accordance with the law, this court's review is plenary." *Saxe v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 10th Dist. No. 09AP-1022, 2010-Ohio-4377, ¶ 8, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992); *Black v. State Bd. of Psychology*, 10th Dist. No. 04AP05-491, 2005-Ohio-1449, ¶ 5, citing *Univ. Hosp.* at paragraph one of the syllabus.

{¶ 12} The Ohio General Assembly created the HPP to provide a comprehensive managed care program, administered by BWC, to provide medical services to employees for their work-related injuries or occupational diseases. *Kistler v. Ohio Bur. of Workers' Comp.,* 10th Dist. No. 04AP-1095, 2006-Ohio-3308, ¶ 3, citing R.C. 4121.441(A). The State of Ohio has a legitimate interest in regulating the character, honesty, and busines practices of its medical providers to ensure payments from the state "do not go to convicted felons and those convicted of acts of fraud and dishonesty." *Wloszek* at ¶ 11.

{¶ 13} The BWC is required to "establish minimum criteria for provider certification. Providers must meet all licensing, certification, or accreditation requirements necessary to provide services in Ohio." Ohio Adm.Code 4123-6-02.2(A). Ohio Adm.Code 4123-6-02.2(B) establishes provider certification criteria under HPP. In relevant part, a provider shall:

> Not have a history of a felony conviction in any jurisdiction, a conviction under a federal controlled-substance act, a conviction for an act involving dishonesty, fraud, or misrepresentation, a conviction for a misdemeanor committed in the course of practice or involving moral turpitude, or court supervised intervention or treatment in lieu of conviction pursuant to section 2951.041 of the Revised Code or the equivalent law of another state.

Ohio Adm.Code 4123-6-02.2(B)(5), effective December 3, 2015.

{¶ 14} In the present case, appellant was convicted of workers' compensation fraud in violation of R.C. 2913.48, a misdemeanor of the first degree. This court has consistently found that the language of Ohio Adm.Code 4123-6-02.2(B)(5) is clear and unambiguous in that the BWC is required to deny certification of a physician's application as a provider in the HPP if he or she is convicted of an act of dishonesty, fraud, or misrepresentation. *Wloszek* at ¶ 9, 11 ("under Ohio Adm.Code 4123-6-02.2(B)(5), the BWC has no discretion to certify a physician to participate in HPP once it demonstrated that the physician has a felony conviction or a conviction for an act involving dishonesty, fraud, or misrepresentation."); *Kistler*, 2006-Ohio-3308, at ¶ 12 (finding the BWC has no discretion to certify a physician once it is demonstrated that the physician has (1) a felony conviction, or (2) a conviction for an act involving dishonesty, fraud, or misrepresentation); *Gralewski,* 2006-Ohio-1529, at ¶ 22, 41 (concluding that evidence of mitigation was irrelevant to the basic issue of whether the administrator had the legal authority to decertify the provider). Therefore, the trial court did not err in upholding the agency's decision as appellant's conviction for workers' compensation fraud precluded him from certification as a provider in the HPP.

{¶ 15} While appellant appears to contend throughout his brief that mitigating circumstances should be considered, it is irrelevant to the ultimate issue of whether appellant meets the minimum credentialing requirements for certification as a HPP provider. *Gralewski* at ¶ 16. Neither the relevant statute nor the foregoing rules contain any mention of mitigating circumstances. *Id.* at ¶ 22. Here, appellant has failed to identify a statutory basis for BWC to have considered mitigating circumstances or discretion as it is bound by the mandatory terms of Ohio Adm.Code 4123-6-02.2.

{¶ 16} Appellant notes that Ohio Adm.Code 4123-6-02.2 was amended on September 1, 2020. The revised language reads in relevant part:

> (B) The minimum criteria for a provider, where applicable based upon the type of provider, are as follows. The provider shall:
>
> * * *
>
> (5) Not be currently ineligible to participate in the [HPP] due to the provider having been convicted of or pleaded guilty to a criminal offense as set forth in the appendix to this rule.

Ohio Adm.Code 4123-6-02.2(B)(5), effective September 1, 2020.

{¶ 17} Article II, Section 28 of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and defends vested rights from new legislative infringements. *State ex rel. A.J. Rose Mfg. Co. v. Schwarz*, 10th Dist. No. 11AP-379, 2012-Ohio-4367, ¶ 5, citing *Cosby v. Franklin Cty. Dept. of Job & Family Servs.*, 10th Dist. No. 07AP-41, 2007-Ohio-6641, ¶ 15. Any preclusion against retroactive laws as to legislative enactments also applies to rules and regulations of an administrative agency. *Id.* To determine if a statute or rule can be applied retroactively, a reviewing court must engage in a two-part test. *Id.* "First, it must be determined whether the statute or rule contains language that expresses a clear intent that it be applied retroactively. If it does, only then does the analysis progress to the second step, which analyzes whether the challenged statute or rule is remedial or substantive." *Id.*; *Ohio Civ. Serv. Emps. Assn., AFSCME Loc. 11, AFL-CIO v. Ohio School Facilities Comm.*, 10th Dist. No. 06AP-413, 2007-Ohio-297, ¶ 17. Here, Ohio Adm.Code 4123-6-02.2 contains no language to indicate that the General Assembly intended that it apply retroactively. Accordingly, Ohio Adm.Code 4123-6-02.2, effective December 3, 2015, controls our analysis in this case.

{¶ 18} Regardless, Ohio Adm.Code 4123-6-02.2, as currently constructed, still requires that appellant be denied certification as a HPP provider. Under the appendix for "Exclusions Due to Criminal Convictions," under Tier I "Permanent ineligibility" offenses, "[i]ndividuals who have been convicted of or pleaded guilty to an offense in any of the following sections of the Revised Code are permanently ineligible to participate in the [HPP]." *Id.* Listed under the Tier I, permanent ineligible offenses, is a conviction of workers' compensation fraud in violation of R.C. 2913.48. Accordingly, under either the new or previous iteration of Ohio Adm.Code 4123-6-02.2, appellant is barred from HPP certification.

{¶ 19} Appellant identifies several other provisions of the administrative code and revised code that he contends allows the BWC discretionary authority for HPP certification in this case, none of which are persuasive. Appellant first identifies R.C. 4121.444, which is titled "[p]enalties for obtaining or attempting to obtain payment by deception; termination of agreement or reimbursement." R.C. 4121.444 precludes healthcare providers from obtaining or attempting to obtain payments by deception under R.C. 4121, 4123, 4127 and 4131, and provides penalties from the providers that engage in the prohibited behavior.

After careful review of R.C. 4121.444, this court finds the statute inapplicable to the facts of the case. Similarly, we also find appellant's reliance on Ohio Adm.Code 4123-6-17(A) unpersuasive as this provision of the administrative code concerns "standards and procedures for adjudication hearings" when refusing to certify or recertify a provider for the HPP.  As Ohio Adm.Code 4123-6-17(A) does not apply as to whether appellant qualifies for certification as a participant in the HPP, there is no conflict between the mandatory language of "shall" in Ohio Adm.Code 4123-6-02.2(B) and the discretionary language "may" in Ohio Adm.Code 4123-6-17(A) as suggested by appellant.

{¶ 20} Appellant next argues that Ohio Adm.Code 4123-6-02.51(B) allows the BWC discretion to grant appellant HPP certification.  Ohio Adm.Code 4123-6-02.51(B) states, "[n]otwithstanding and in addition to the provisions set forth in this rule, pursuant to division (C)(1) of section 4121.444 of the Revised Code the administrator may terminate any agreement between the bureau and * * * a health care provider * * * and cease reimbursement to, decertify and terminate the enrollment of that * * * provider * * * for services rendered." After careful review of the administrative code provision, we find appellant's argument is without merit. Ohio Adm.Code 4123-6-02.51(B) authorizes the BWC to decertify an already-certified HPP provider. Ohio Adm.Code 4123-6-02.51(B) does not address whether the BWC has discretion to grant HPP certification to a provider that is otherwise disqualified based on the minimum criteria for certification as a HPP provider. In order to reach Ohio Adm.Code 4123-6-02.51(B), a provider must meet the minimum eligibility criteria of Ohio Adm.Code 4123-6-02.2.  Because appellant was convicted of a misdemeanor committed in the course of practice or involving moral turpitude, BWC was required to deny appellant's application to become a provider under the HPP.

{¶ 21} Appellant's sole assignment of error is overruled.

**IV.  CONCLUSION**

{¶ 22} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J. and LUPER SCHUSTER, J., concur.

_____