[Cite as *Gross v. Ohio Dept. of Agriculture*, 2023-Ohio-1648.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paul Gross, | : | |
| Appellant-Appellant, | : | |
| | : | No. 22AP-471 |
| v. | : | (C.P.C. No. 21CVF-1579) |
| Ohio Department of Agriculture, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on May 16, 2023

**On brief:** *Lagos & Lagos, P.L.L.*, and *Argeri A. Lagos*, for appellant. **Argued:** *Argeri A. Lagos.*

**On brief:** *Dave Yost*, Attorney General, and *Chad M. Kohler*, for appellee. **Argued:** *Chad M. Kohler.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellant, Paul Gross, appeals from an order of the Franklin County Court of Common Pleas affirming the decision by appellee, the Ohio Department of Agriculture ("the department"), to impose a $500 civil penalty against appellant for selling gravel and topsoil (collectively "gravel") by a method other than per cubic meter or yard or by weight. For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} In May 2020, appellant began selling gravel produced by the excavation of a pond on his property located on State Route 42 ("the property"). He advertised the sale with a sign that read:

GRAVEL & TOPSOIL
CHEAP
757-XXX-XXXX

(Dept. Record No. 7 at 19.)

{¶ 3}   Upon receiving a complaint about appellant's gravel sales, Madison County Auditor Jennifer Hunter sent Weights and Measures Inspector Bill Strauss to investigate. Appellant explained to Strauss that his customers used a scale three miles from the property, on the basis of which he charged $5 per ton of gravel.  Strauss informed appellant that weighing gravel three miles from the loading site was not sufficient to comply with Ohio Adm.Code 901:6-7-03(BB) because the trucks lose fuel weight en route, resulting in inaccurate measurements.  Rather than install weighing scales on his property, appellant decided to give the gravel away for free.  Appellant testified he thereafter gave the gravel away, receiving nothing in return, "on a routine and regular basis." (Tr. at 55.)  Only upon request for assistance in loading or transportation would appellant charge a flat fee of $50 to defray the cost of using his own equipment, "farmhands," and other resources.  (Tr. at 58.)

{¶ 4}   Hunter separately asked Stephen Pronai, then the prosecutor of Madison County, and the department to examine appellant's method of sale.  Pronai reported his belief that giving gravel away for free and charging separately for optional loading and transportation costs did not violate the weights and measures regulations.  On May 20, 2021, department employees Norman Monroe and David Finck investigated the property, observing appellant's sign advertising cheap gravel as well as heavy-duty equipment parked near large mounds of gravel.  Their investigation led the department to conclude the flat fee transformed the purportedly free transactions of gravel into commercial sales, thereby requiring such transactions to be conducted only by weight or volume.  Finck later testified on cross-examination, however, that he had no reason to doubt appellant's claim that he gave the gravel away for free.

{¶ 5}   On June 29, 2020, the department notified appellant it proposed to levy a $500 civil penalty for his alleged violation of Ohio Adm.Code 901:6-7-03(BB).  On July 22, 2020, appellant requested an administrative hearing, which the department held on January 28, 2021.  The hearing officer issued a report recommending the department impose the $500 penalty, and appellant objected.  In an order on March 4, 2021, the

Director of Agriculture overruled the objections, adopted the hearing officer's report, and imposed the $500 civil penalty. The trial court affirmed the department's order on July 18, 2022.

## II. Assignment of Error

{¶ 6} Appellant presents the following assignment of error for our review:

> The Trial Court erred when it held that the March 4, 2021 Order issued by the Ohio Department of Agriculture was supported by reliable, probative evidence, and is in accordance with the law.

## III. Analysis

{¶ 7} Appellant's sole assignment of error contends the trial court erred in finding the department's order imposing a civil penalty of $500 supported by reliable, probative evidence and is in accordance with law.

{¶ 8} In reviewing an administrative appeal pursuant to R.C. 119.12, a court of common pleas must affirm the agency's order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Nalluri v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 21AP-140, 2021-Ohio-4625, ¶ 10, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Evidence is reliable if "dependable and true within a reasonable probability," probative if relevant or tends "to prove the issue in question," and substantial if it has "importance and value." *Melnyk v. Ohio Dept. of Medicaid*, 10th Dist. No. 18AP-693, 2019-Ohio-5134, ¶ 15, citing *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992), and *Rupert v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-173, 2017-Ohio-8377, ¶ 9.

{¶ 9} In cases of administrative appeal, the standard of review for a court of appeals is more limited than that of the trial court. We review "[t]he trial court's determination as to whether an agency's decision is supported by reliable, probative, and substantial evidence" for an abuse of discretion. *Clovernook Health Care Pavilion v. Ohio Dept. of Medicaid*, 10th Dist. No. 20AP-87, 2021-Ohio-337, ¶ 9, citing *Bryant Health Care Ctr., Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-263, 2014-Ohio-92, ¶ 23. On questions of law, our review is plenary. *Nalluri* at ¶ 11.

{¶ 10} As noted, the department determined appellant violated Ohio Adm.Code 901:6-7-03(BB). That rule requires "gravel * * * and similar materials kept, offered, or

exposed for sale in bulk * * * be sold by the cubic meter or cubic yard or by weight." Ohio Adm.Code 901:6-7-03(BB)(1). This language is unambiguous: bulk sellers of gravel must conduct transactions by volume or weight. Neither party to this case contests the definition of sale—rather, the parties dispute whether appellant sold any gravel or simply gave it away.

{¶ 11} A sale is "[t]he transfer of property or title for a price." *Black's Law Dictionary* (8th Ed.2004). A price is "[t]he amount of money or other consideration asked for or given in exchange for something else; the cost at which something is bought or sold." *Black's.* The department primarily argues appellant received "money or other consideration" in exchange for the gravel because the flat fee he charged for loading and transportation was in reality the price charged for the gravel itself. This theory fails, however, to link the transfer of the gravel itself to any consideration appellant received.

{¶ 12} Even the department's recounting of the evidence indicates appellant did not charge a price for his gravel. As detailed above, Finck, the weights and measures inspection supervisor for the department, testified under oath he had no reason to doubt appellant's claim that he gave the gravel away for free. Furthermore, the department noted appellant "charged a flat 'loading fee' to any customers [sic] who wanted him to load the gravel," acknowledging the "flat $50 fee was intended to recoup [appellant's] cost for labor, fuel, etc." (Appellee's Brief at 8-9.) It was never demonstrated this flat fee was a veiled charge for the gravel itself, as neither party alleged $50 was an exorbitant price for the labor and other resources it takes to move gravel. The evidence shows those taking gravel from appellant never paid money for a product—rather, they paid separately as needed for a service. There is no competent, credible evidence in the record that appellant charged a price for gravel.

{¶ 13} The record does not contain reliable, probative, or substantial evidence sufficient to support the department's determination that appellant sold gravel. It was thus impermissible to fine him for failing to comply with Ohio Adm.Code 901:6-7-03(BB), a

regulation that applies only to those selling gravel and similar materials in bulk. Accordingly, we sustain appellant's sole assignment of error.[1]

## IV. Conclusion

{¶ 14} Based on the foregoing reasons, the trial court erred in affirming the department's order assessing a civil penalty against appellant under Ohio Adm.Code 901:6-7-03(BB). Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court with instructions to reverse the department's order imposing a $500 civil penalty on appellant.

*Judgment reversed;*
*cause remanded with instructions.*

BEATTY BLUNT, P.J., and DORRIAN, J., concur.

_____

[1] It should be noted Ohio Adm.Code 901:6-7-03(BB) was taken nearly verbatim from Handbook 130, a report that is annually revised and adopted by the National Conference on Weights and Measures. The stated purpose of Handbook 130 is to achieve "uniformity in weights and measures laws and regulations among the various states and local jurisdictions in order to facilitate trade between the states, permit fair competition among businesses, and provide uniform and sufficient protection to all consumers in commercial weights and measures practices." Butcher, Sefcik, Warfield, Bowers & Lippa, *Uniform Laws and Regulations in the Areas of Legal Metrology and Fuel Quality*, 1 (2023). Here, the rule's primary purpose is to protect consumers by ensuring they know the precise per-unit cost of materials like gravel. This allows consumers to compare prices of different sellers so they can assess whether they are paying a reasonable price. As with Handbook 130, the administrative rule also promotes competitive business practices by requiring all industry participants to play by the same rules—that way, a business can be certain its investment in weighing scales or other measures needed to comply with the rule will not be undercut by a rogue commercial seller flouting industry safeguards. In the present case, appellant dug up a pond on his property and ultimately decided to give away the excess gravel for free. Appellant is not in the business of selling gravel. In order to protect consumers and prevent unfair business practices, enforcement of Ohio Adm.Code 901:6-7-03(BB) should be reserved for commercial transactions.