[Cite as *Frey v. Amazon Home Warranty, L.L.C.*, 2023-Ohio-3899.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rhonda S. Frey, | : | |
| Plaintiff-Appellee, | : | No. 23AP-114 |
| | | (M.C. No. 2022CVI-6856) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Amazon Home Warranty LLC, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 26, 2023

**On brief:** *Rhonda S. Frey*, pro se.

**On brief:** *Cugini Law, LLC*, and *Davide V. Cugini*, for appellant.

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Amazon Home Warranty, LLC ("Amazon"), appeals a judgment of the Franklin County Municipal Court, Small Claims Division, in favor of plaintiff-appellee, Rhonda S. Frey. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 10, 2022, Frey filed a complaint in the trial court alleging she had purchased a home warranty from Amazon. Frey stated in the complaint she filed a claim with Amazon under the home warranty agreement when her heating and air conditioning unit failed. Frey asserted that Amazon denied her claim, and she sought $6,000 in damages.

{¶ 3} A trial before a magistrate occurred on September 13, 2022. In a decision dated November 2, 2022, the magistrate found Frey complied with her obligations under the home warranty agreement, Frey incurred expenses to pay for a replacement heating and cooling unit, and Amazon materially breached the home warranty agreement in failing

to reimburse Frey for the replacement cost. The magistrate found Frey was entitled to judgment in her favor and damages in the amount of $6,000.

{¶ 4} Of relevance to this appeal, the magistrate also stated in his decision:

> At the close of the Plaintiff's case in chief, the Defendant's counsel orally moved that the case be transferred to the General Division. That motion was denied. Although such a motion, if properly filed pursuant to R.C. 1925.10 and supported with an affidavit as required by that section, would routinely be granted if it is made prior to the commencement of a trial, such a motion will not be granted in the middle of a trial. Such a request could have been properly made any time in the preceding seven months, and certainly prior to the Plaintiff having travelled to Columbus from Kentucky in order to participate in a trial which was scheduled in April.

(Nov. 2, 2022 Mag.'s Decision at 5.)

{¶ 5} On November 15, 2022, the trial court issued a judgment entry adopting the magistrate's decision and entering judgment for Frey in the amount of $6,000. Amazon objected to the magistrate's decision on the ground that the magistrate erred in denying Amazon's motion to transfer the action to the general division of the municipal court. Frey filed a memorandum in opposition to Amazon's objection. In a judgment entered January 23, 2023, the trial court found that the magistrate did not err in denying the transfer, and the court overruled Amazon's objection.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Amazon now appeals the January 23, 2023 judgment, and assigns the following two errors for our review:

> [1.] The Magistrate's basis for denying Defendant-Appellant's motion was a clear misapplication, or misinterpretation, of the law.

> [2.] When a magistrate misunderstands, misapplies, or misinterprets, the law, such misunderstanding, misapplication, or misinterpretation cannot be veiled as a decision having been made "in the discretion of the court."

## III. STANDARD OF REVIEW

{¶ 7} An appellate court invariably reviews questions of law de novo. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 16-17; *U.S. Bank Natl. Assn. v. Clarke*, 10th Dist. No. 15AP-880, 2016-Ohio-8435, ¶ 17. In all other respects, an appellate court

generally reviews a trial court's judgment adopting a magistrate's decision for an abuse of discretion. *4030 W. Broad, Inc. v. Neal*, 10th Dist. No. 20AP-31, 2021-Ohio-3685, ¶ 22; *Longmire v. Danaci*, 10th Dist. No. 19AP-770, 2020-Ohio-3704, ¶ 20. An abuse of discretion occurs when a trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 8} Because Amazon's assignments of error are interrelated, we will address them together. In its assignments of error, Amazon asserts the magistrate erred in misapplying or misinterpreting the law. Amazon, therefore, would have us review the magistrate's decision for error. However, in an appeal from a ruling on objections to a magistrate's decision, an appellate court reviews the trial court's judgment, not the magistrate's decision. *Vice v. Sexton*, 4th Dist. No. 10CA3371, 2011-Ohio-1647, ¶ 24. We, therefore, will construe Amazon's assignments of error as arguing that the trial court erred in concluding the magistrate did not misapply the law in ruling on Amazon's motion to transfer.

{¶ 9} "The purpose of a small claims court is to provide a simple, inexpensive, and just way for individuals to resolve small financial disputes with a minimum of legal technicalities." *Skyward Learning Servs., Inc. v. Gray*, 12th Dist. No. CA2019-08-140, 2020-Ohio-1182, ¶ 14. If the amount in controversy before the small claims court exceeds $6,000, R.C. 1925.10(A) provides that the small claims court shall transfer the action to the regular docket of the court. If a party wishes to transfer an action from the small claims division for other reasons, R.C. 1925.10(B) sets forth the procedure for transfer upon the motion of a party:

> In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury.

{¶ 10} According to Amazon, R.C. 1925.10(B) prohibits a small claims court from denying a motion to transfer on the basis that the motion was made in the middle of trial. Amazon thus argues that the magistrate misapplied R.C. 1925.10(B) by denying Amazon's motion to transfer on the ground set forth in the magistrate's decision.

{¶ 11} In interpreting statutes, a court's goal is to ascertain and give effect to the intent of the General Assembly. *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 21. To discern the General Assembly's intent, a court first looks to the statutory language. *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, ¶ 22. When that language is plain and unambiguous, and conveys a definite meaning, a court must apply the statute as it is written. *Hulsmeyer* at ¶ 23.

{¶ 12} By its silence, R.C. 1925.10(B) permits a party to move for a transfer to the general division during the middle of a trial in the small claims division. However, R.C. 1925.10(B) plainly leaves the decision on motions to transfer to "the discretion of the [small claims] court." Nothing in R.C. 1925.10(B) prescribes how the small claims court must exercise its discretion when a party has moved to transfer in the middle of trial. Therefore, Amazon's interpretation of R.C. 1925.10(B), which would limit the small claims court's discretion, is incorrect.

{¶ 13} Here, the magistrate reasoned that he would have granted Amazon's motion to transfer had Amazon made it before Frey had invested time and resources by traveling from Kentucky to Columbus for trial and by presenting her case-in-chief. Because Amazon waited until the middle of trial to move to transfer, the magistrate exercised his discretion to deny the motion. As the trial court concluded, the magistrate did not misapply the law. Accordingly, we overrule Amazon's assignments of error.

## V. CONCLUSION

{¶ 14} For the foregoing reasons, we overrule Amazon's first and second assignments of error, and affirm the judgment of the Franklin County Municipal Court, Small Claims Division.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

————————————