[Cite as *Gross v. Ohio Dept. of Agriculture, Division of Weights & Measures*, 2023-Ohio-4280.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paul Gross, | : | |
| Appellant-Appellant, | : | No. 23AP-398 |
| | | (C.P.C. No. 21CV-1579) |
| v. | : | |
| Ohio Department of Agriculture, Division of Weights and Measures, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2023

**On brief:** *Lagos & Lagos P.L.L.*, and *Argeri A. Lagos*, for appellant.

**On brief:** *Dave* Yost, Attorney General, and *Daniel J. Martin*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appelant, Paul Gross, appeals from a judgment of the Franklin County Court of Common Pleas reversing the March 4, 2021 order of appellee-appellee, Ohio Department of Agriculture, Division of Weights and Measures ("department"), imposing a $500 civil penalty against Gross and remanding the matter to the department for consideration of his motion for attorney fees. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

I. **Facts and Procedural History**

{¶ 2} In May 2020, Gross began to sell gravel produced by the excavation of a pond on his property on State Route 42. A complaint was lodged, and a county employee investigated the matter. Ultimately, the department notified Gross that it proposed to levy

a $500 civil penalty for his alleged violation of Ohio Adm.Code 901:6-7-03(BB). On Gross's request, an administrative hearing was held, and the hearing officer issued a report recommending the department impose the $500 civil penalty. Gross objected to the report and recommendation. The department overruled the objections, adopted the hearing officer's report, and imposed the $500 civil penalty.

{¶ 3} Gross appealed the agency decision to the trial court pursuant to R.C. 119.12. In July 2022, the trial court affirmed the department's order. Gross appealed, and this court reversed upon finding insufficient evidence that he violated Ohio Adm.Code 901:6-7-03(BB). *Gross v. Ohio Dept. of Agriculture*, 10th Dist. No. 22AP-471, 2023-Ohio-1648. This court instructed the trial court to reverse the department's order imposing a $500 civil penalty on Gross. *Id.* After this court entered judgment, Gross moved for an attorney fees award in the trial court. The trial court reversed the department's order imposing the $500 civil penalty, and it remanded the matter to the department for consideration of Gross's motion for attorney fees.

{¶ 4} Gross timely appeals.

## II. Assignment of Error

{¶ 5} Gross assigns the following sole assignment of error for our review:

> The trial court erred when it remanded appellant's motion for attorney fees to the Department of Agriculture for consideration.

## III. Discussion

{¶ 6} Gross's sole assignment of error alleges the trial court erred in remanding his motion for attorney fees to the department for consideration. Because this assignment of error presents a question of law, we review it de novo. *See Frey v. Amazon Home Warranty, L.L.C.*, 10th Dist. No. 23AP-114, 2023-Ohio-3899, ¶ 7 (noting that, on appeal, questions of law are reviewed de novo). The department concedes the error, and we agree.

{¶ 7} Ohio generally adheres to the "American rule" as to the recovery of attorney fees: "a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. Attorney fees may be awarded to a prevailing party, however, when a statute specifically authorizes it. *Id.* R.C. 119.092 and 119.12 are such statutes. R.C. 119.092 authorizes an

award of fees to "an eligible party that prevails after an adjudication hearing [under R.C. 119.12], as reflected in an order entered in the journal of the agency." Similarly, R.C. 119.12(N) states: "[t]he court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section." Under R.C. 2335.39(B)(1), "[a] prevailing eligible party that desires an award of compensation for fees shall file a motion requesting the award with the court within thirty days after the court enters final judgment in the action or appeal." For the purpose of this statute, " 'court' means any court of record." R.C. 2335.39(A)(1). Thus, under this framework, "R.C. 119.092 makes an attorney fee award available at the first stage of the R.C. 119.12 agency appeal (the agency adjudication) and R.C. 2335.39 [via R.C. 119.12(N)] makes such award available at the second stage of the R.C. 119.12 agency appeal (the appeal to the Ohio courts)." *Arcenio v. Youngstown State Univ.*, 7th Dist. No. 14 MA 0163, 2016-Ohio-4812, ¶ 32.

{¶ 8} Here, Gross was not a prevailing party at the administrative level. The department rejected Gross's objections to the hearing officer's report and recommendation and issued an order imposing a $500 civil penalty against him. On appeal, however, this court reversed the trial court's affirmance of the penalty order and instructed the trial court to reverse the department's order. On remand, Gross requested an attorney fees award, and, in accordance with this court's instructions, the trial court entered judgment reversing the department's order imposing the civil penalty. Therefore, whether Gross is entitled to the requested attorney fees as a "prevailing eligible party" in this matter, as that term is statutorily defined, must be determined by the trial court pursuant to R.C. 119.12(N) and 2335.39. Instead of considering the attorney fees motion, the trial court erroneously remanded the issue to the department for disposition.

{¶ 9} For these reasons, we sustain Gross's sole assignment of error.

## IV. Disposition

{¶ 10} Having sustained Gross's sole assignment of error, we affirm the Franklin County Court of Common Pleas' reversal of the department's March 4, 2021 order imposing a $500 civil penalty against Gross, and we reverse that court's decision to remand the matter to the department for consideration of his attorney fees motion. Accordingly, this

matter is remanded to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part, reversed in part;*
*cause remanded.*

BOGGS and LELAND, JJ., concur.

_____