[Cite as *State v. Jones*, 2015-Ohio-4512.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26529 |
| | : | |
| v. | : | T.C. NO. 80CR1315 |
| | : | 82CR1450 |
| LAWRENCE JONES | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___30th___ day of ____October____, 2015.

. . . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

SUSAN F. SOUTHER, Atty. Reg. No. 0058529, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Lawrence Jones appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion for final termination of commitment and the trial court's jurisdiction. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded to the trial court for an order terminating

Jones's commitment pursuant to R.C. 2945.40. This court's mandate will be stayed for 15 days to provide the court or the prosecutor an opportunity to file an affidavit for civil commitment pursuant to R.C. Chapter 5122.

## I. Factual and Procedural Background

{¶ 2} On March 19, 1981, Jones was found not guilty by reason of insanity for the offenses of aggravated robbery and having weapons while under disability in Case No. 1980 CR 1315. The maximum sentence that Jones could have received had he been convicted of aggravated robbery, the more serious offense, was 25 years in prison.

{¶ 3} Jones was initially committed to Brown Hospital, Veterans Administration Medical Center, for a period of 90 days, and was granted a conditional release in July 1981. In July 1982, Jones allegedly possessed a rifle, for which he was indicted on having weapons while under disability in Case No. 1982 CR 1450. The next month (August 1982), his conditional release was revoked, and he was recommitted to the Dayton Forensic Hospital.

{¶ 4} In March 1983, Jones was found not guilty by reason of insanity of having weapons while under disability in Case No. 1982 CR 1450. As in Case No. 1980 CR 1315, Jones was committed to the Dayton Forensic Hospital in Case No. 1982 CR 1450. Subsequent commitment proceedings occurred under both cases (collectively, "the NGRI cases"). In February 1985, pursuant to statutory provisions requiring periodic review of whether Jones remained a mentally ill person subject to hospitalization and motions by the parties, the trial court again found that Jones was a mentally ill person subject to hospitalization by court order, and it ordered that he be committed at the Dayton Mental Health Center.

{¶ 5} In October 1985, Jones left the Dayton Mental Health Center without permission. Within days, he committed felonious assault on a police officer. As a result, Jones was arrested and faced charges in Case No. 1985 CR 2074. After Jones was apprehended, the trial court in the NGRI cases ordered that he be evaluated; Jones was recommitted to the Dayton Forensic Hospital. In April 1986, the trial court in the NGRI cases continued Jones's commitment.

{¶ 6} In May 1986, Jones was convicted of the felonious assault and, on May 5, 1986, was sentenced to 15 to 25 years in prison in Case No. 1985 CR 2074. In 1992, the trial court in the NGRI cases noted that Jones was incarcerated and ordered that a detainer be placed on Jones.

{¶ 7} In November 1998, the trial court in the NGRI cases became aware that Jones was being considered for parole in Case No. 1985 CR 2074, and it ordered that Jones receive a psychological evaluation and examination. Jones was granted parole in the felonious assault case on December 15, 1998. That day (December 15), Jones was brought to the Montgomery County Jail pending disposition by the trial court in the NGRI cases.

{¶ 8} On January 28, 1999, after a hearing, the trial court in the NGRI cases found that Jones continued to be a mentally ill person subject to hospitalization by court order and committed Jones to Twin Valley Psychiatric Hospital, pursuant to R.C. 2945.40(F). Between 1999 and 2014, the trial court issued several orders related to Jones's continued commitment and privileges. On April 15, 2014, the trial court found that the maximum sentence that Jones could have served in Case No. 1982 CR 1450 (having weapons under disability) had expired, but that Jones would continue to be monitored under Case

No. 1980 CR 1315 (aggravated robbery).

{¶ 9} On May 16, 2014, Jones moved for termination of his commitment and the trial court's jurisdiction over him.[1]  Jones argued that, under R.C. 2945.401(J)(1), the trial court's jurisdiction should have ended in 2006,[2] 25 years after he was found not guilty by reason of insanity.  Alternatively, Jones asserts that, by being found competent and sentenced to prison in 1986, he was implicitly determined to be no longer a mentally ill person subject to hospitalization by court order.  The State opposed the motion, relying on *State v. Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272.

{¶ 10} On November 24, 2014, the trial court overruled Jones's motion.  Citing *Tuomala*, the trial court concluded that the time Jones served in jail or prison in another case should not count toward his 25-year period of commitment.  The court further rejected Jones's argument that his commitment should have terminated in 1986.  The court noted that no sanity evaluation was done in Case No. 1985 CR 2074 (the felonious assault case), that competency to stand trial has no bearing on whether Jones was sane when he assaulted the police officer, and there was no finding in Case No. 1985 CR 2074 that Jones was no longer a mentally ill person subject to hospitalization.  The trial court stated that it would continue to have jurisdiction over Jones through January 6, 2019.

{¶ 11} Jones appeals from the trial court's judgment, claiming that the trial court

---

[1] The caption of Jones's motion included both Case No. 1980 CR 1315 and Case No. 1982 CR 1450.  However, as Jones's commitment in Case No. 1982 CR 1450 had already terminated, the motion was properly directed only at Case No. 1980 CR 1315.

[2] Jones's memorandum in the trial court and his appellate brief state that "[t]he maximum sentence that Defendant could have received for his sentence in *1982* was 25 years," and he argues that the trial court's jurisdiction expired in 2007.  (Emphasis added.) However, 25 years from March 1981, when he was found not guilty by reason of insanity for aggravated robbery, is March 2006.

erred in overruling his motion.

## II. Termination of Commitment under R.C. 2945.401(J)

{¶ 12} R.C. 2945.40 and 2945.401 govern the commitment of individuals found not guilty by reason of insanity. Upon a verdict finding that a defendant is not guilty by reason of insanity, the trial court must hold a hearing to determine whether the defendant is a mentally ill person subject to court order.[3] See R.C. 2945.40(A). If the trial court makes such a finding, the court must commit the person either to the Department of Mental Health and Addiction Services for treatment in a hospital, facility, or agency as determined clinically appropriate by the department of mental health and addiction services or to another medical or psychiatric facility, as appropriate. R.C. 2945.40(F).

{¶ 13} Prior to the enactment of R.C. 2945.401 in 1996 Am.Sub.S.B. 285, there was no time limitation on a defendant's continued commitment to a psychiatric hospital. "A defendant who was found not guilty by reason of insanity and committed to a psychiatric hospital remained indefinitely subject to the jurisdiction of the trial court to order continued periodic recommitments." *State v. Hawkins*, 87 Ohio St.3d 311, 312, 720 N.E.2d 521 (1999), citing former R.C. 2945.39, 2945.40, and 5122.15.

{¶ 14} Pursuant to R.C. 2945.401, a person found not guilty by reason of insanity and committed pursuant to R.C. 2945.40 remains "subject to the jurisdiction of the trial court pursuant to that commitment * * * until the final termination of the commitment." R.C. 2945.401(A); R.C. 2945.401(J)(1). The final termination of a commitment occurs upon the earlier of one of the following:

---

[3] Prior to 2014 Am.Sub. S.B. 43, R.C. 2945.40(A) provided that the court was required to hold a hearing to determine whether the person was a "mentally ill person subject to hospitalization by court order."

(a) The defendant or person no longer is a mentally ill person subject to court order * * *, as determined by the trial court;

(b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity;

(c) The trial court enters an order terminating the commitment under the circumstances described in division (J)(2)(a)(ii) of this section.

R.C. 2945.401(J)(1). If the jurisdiction is terminated due to the expiration of the maximum prison term or term of imprisonment, the court or prosecutor may file an affidavit for the civil commitment of the defendant or person pursuant to R.C. Chapters 5122 or 5123. R.C. 2945.401(A).

{¶ 15} At the outset, we reject Jones's contention that he was found to be no longer a mentally ill person subject to hospitalization by court order when he was found competent to stand trial and sentenced to prison in 1986. The trial court in the felonious assault case did not address Jones's status as a mentally ill person subject to hospitalization, and Jones acknowledged at oral argument that a plea of not guilty by reason of insanity was not raised in that case. Accordingly, we agree with the trial court that the final termination of Jones's commitment did not occur in 1986 pursuant to R.C. 2945.401(J)(1)(a).

{¶ 16} Jones was found not guilty by reason of insanity of aggravated robbery in 1981 and was committed as a mentally ill person subject to court order on March 20, 1981

for that offense. The parties agree that the maximum term of imprisonment that he could have received for aggravated robbery was 25 years. Absent tolling, the final termination of commitment and the expiration of the trial court's jurisdiction, pursuant to R.C. 2945.401(J)(1)(b), occurred on March 20, 2006. The State argues that Jones's commitment period was tolled for the 12 years that he was incarcerated in Case No. 1985 CR 2074, and therefore the maximum term of his commitment does not expire until January 6, 2019.

{¶ 17} In *Tuomala*, the defendant was charged with receiving stolen property, and he remained in jail while the charges were pending. The trial court ultimately found him not guilty by reason of insanity and committed him to a psychiatric facility. *Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272. The court determined that it had jurisdiction over Tuomala for 18 months (the equivalent of the maximum sentence that he could have received), beginning on the day that the trial court found him not guilty by reason of insanity. Citing R.C. 2967.191, the jail time credit statute, Tuomala sought credit for the time he served prior to the trial court's finding him not guilty by reason of insanity. The trial court denied the motion; the appellate court reversed.

{¶ 18} The Ohio Supreme Court reversed the appellate court. At the outset, the Supreme Court emphasized its duty to give effect to the statutory language as written. *Id.* at ¶ 12, ¶ 22-23. The Court then examined the meaning of "conviction" and compared the language of R.C. 2967.191 and R.C. 2945.40(F). It concluded that "the language that surrounds the word 'conviction' in R.C. 2967.191 removes any doubt that the statute does not apply to a defendant who is found not guilty by reason of insanity." *Id.* at ¶ 15. The Supreme Court further commented that other jurisdictions have similarly held that a

finding of not guilty by reason of insanity does not constitute a "conviction." *Id.* at ¶ 16-19. The court concluded that R.C. 2967.191, which concerns criminal convictions, could not apply to reduce Tuomala's 18-month period of commitment, which was not based on a conviction.

{¶ 19} Here, the trial court concluded that Jones's prison term tolled his 25-year period of commitment under R.C. 2945.40 and that he would not receive "credit" against his commitment for the time he served in prison for the felonious assault. The trial court reasoned:

> Here, similar to *Tuomala*, this Court is looking at whether or not jail and prison time should count towards reducing jurisdiction. This Court understands that the facts in this case are slightly different from *Tuomala* because of when the incarceration occurred; however, this Court agrees with the reasoning of *Tuomala* in that the purpose of commitment is to help with rehabilitation and, therefore, incarceration is not the same as commitment. Counting Defendant's jail and prison time that was served for another case would cut short the rehabilitation process for Defendant.

{¶ 20} However, the underlying rationale for denying Tuomala jail time credit was that the plain language of the jail time credit statute indicated that jail time credit applied to incarceration following a conviction; Tuomala had not been incarcerated after a conviction. The supreme court stated:

> Although the General Assembly has set forth a mechanism whereby defendants who are convicted and sentenced may receive credit for time served, it simply has not provided the same mechanism for defendants who

are found not guilty by reason of insanity and are committed to a treatment facility. Absent such a legislative enactment, the General Assembly has not conferred to any entity the authority to reduce the commitment period of these individuals for time served. To judicially confer that authority would invade the province of the General Assembly.

*Tuomala* at ¶ 20.

{¶ 21} That rationale compels us to conclude that the trial court's jurisdiction over an individual committed pursuant to R.C. 2945.40 cannot be tolled, absent legislative authority. Just as there is no statutory authority to reduce the commitment period, there is no statutory language in R.C. 2945.401 that authorizes the *extension* of the trial court's jurisdiction due to the occurrence of an intervening event, such as a post-commitment conviction and prison term.

{¶ 22} The facts before us indicate that Jones was ordered committed to a psychiatric facility following the finding of not guilty by reason of insanity for aggravated robbery. Jones remained in commitment (including the time the trial court found that a conditional release was the least restrictive commitment alternative consistent with public safety) until he was incarcerated for felonious assault in Case No. 1985 CR 2074. The trial court was aware that Jones was serving a prison term during his incarceration, ordered a detainer to be placed on Jones during his incarceration, and ordered a psychiatric evaluation of Jones prior to Jones's parole. On the trial court's order, Jones was transported from prison to jail, pending the trial court's determination of whether Jones continued to be a mentally ill person subject to hospitalization by court order. The trial court found that he was, and the trial court has since exercised control over Jones's

commitment.

**{¶ 23}** Neither the factual circumstances before us nor *Tuomala* allow a conclusion that the trial court's jurisdiction over Jones pursuant to his commitment was tolled during the period of his incarceration. Jones's assignment of error is sustained.

**{¶ 24}** The trial court's judgment will be reversed, and the matter will be remanded to the trial court for an order terminating Jones's commitment pursuant to R.C. 2945.40. This court's mandate will be stayed for 15 days to provide the court or the prosecutor an opportunity to file an affidavit for civil commitment pursuant to R.C. Chapter 5122, as provided in R.C. 2945.401(A).

. . . . . . . . . . . .

FAIN, J., concurs.

HALL, J., concurring:

**{¶ 25}** I agree that a person's commitment for one case under R.C. 2945.40 is not extended by his incarceration in Ohio for a subsequent case when the court with jurisdiction over the first case is aware of the Ohio incarceration or, as here, exercises control over the offender during the subsequent incarceration. However, I write to indicate that there may be circumstances where there should be tolling of the period of commitment including, most specifically, if the committed person absconds from either commitment or supervision.

. . . . . . . . . . . .

Copies mailed to:

Kirsten A. Brandt

Susan F. Souther
Hon. Barbara P. Gorman