[Cite as *State v. Parker*, 2025-Ohio-2255.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30353 |
| | : | |
| v. | : | Trial Court Case No. 2016 CR 02443 |
| | : | |
| BRENDA J. PARKER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 27, 2025

. . . . . . . . . . .

ANTHONY S. VANNOY, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Brenda J. Parker appeals from a judgment of the Montgomery County Common Pleas Court that overruled her motion to terminate her commitment following a finding that she was incompetent to stand trial. For the following reasons, the judgment of the trial court will be affirmed.

**I.     Facts and Procedural History**

{¶ 2} On August 16, 2016, Parker was indicted by a Montgomery County grand jury on one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. On August 19, 2016, Parker pleaded not guilty by reason of insanity ("NGRI"). She also filed a motion requesting a competency evaluation.

{¶ 3} On September 2, 2016, the trial court ordered that Parker be evaluated for her mental condition at the time of the alleged offense. The trial court likewise ordered a competency evaluation.

{¶ 4} On September 23, 2016, pursuant to R.C. 2945.38(B), the trial court found Parker incompetent to stand trial but restorable to competency; it therefore ordered Parker committed to Summit Behavioral Healthcare ("Summit") for treatment to restore her competency. Following a report from Summit, the trial court found that Parker remained incompetent to stand trial and ordered that she remain at Summit and continue her treatment.

{¶ 5} As the maximum time for restoration to competency under R.C. 2945.38 approached, a mental-health-examination report indicated that Parker remained incompetent to stand trial and opined that she could not be restored to competency within the one-year time period. Based on the report, the State filed a motion to retain criminal jurisdiction over Parker pursuant to R.C. 2945.39(A)(2).

{¶ 6} On August 17, 2017, following a hearing, the trial court found that Parker remained incompetent and was unrestorable within the statutory time limits in R.C. 2945.38(C). Furthermore, the court found that Parker met the criteria for the trial court to retain jurisdiction over her in accordance with R.C. 2945.39(A)(2). Accordingly, the

court ordered that Parker be committed to Summit pursuant to R.C. 2945.39(D)(1).

{¶ 7} Over the next few years, the court held all necessary statutory hearings. Parker remained incompetent, but she was granted increased privileges to comply with the requirement that she be committed using the least restrictive commitment alternative that was available, consistent with public safety and Parker's welfare. In October 2023, Summit submitted a report to the court indicating that Parker had improved to the point that her commitment at Summit was no longer appropriate, and it recommended that she be granted conditional release. Based on the report, the trial court ordered new competency and sanity evaluations.

{¶ 8} On February 1, 2024, the trial court held a hearing and found Parker competent to stand trial. Immediately thereafter, Parker waived a jury trial, and the parties proceeded to a bench trial. On February 6, 2024, the court found Parker not guilty by reason of insanity and ordered that she be committed to Summit pursuant to R.C. 2945.40(F).

{¶ 9} On October 7, 2024, Parker filed a motion to terminate her commitment, asserting that she had fulfilled the maximum amount of time an individual can be committed under R.C. 2945.39. According to Parker, her commitment had started on September 23, 2016, when the trial court ordered her committed to Summit. Because she was charged with a felony of the second degree, which carried a maximum prison term of eight years, Parker contended that her commitment had to terminate on September 23, 2024.

{¶ 10} The State responded that Parker's commitment had started on August 17,

2017, not September 23, 2016. Therefore, the expiration of Parker's commitment would not occur until August 17, 2025. In support of its position, the State relied on *State v. Tuomala*, 2004-Ohio-6239, which held that jail-time credit does not apply to persons found not guilty by reason of insanity.

{¶ 11} On December 11, 2024, the trial court overruled Parker's motion to terminate her commitment. The court agreed with the State's argument and likewise relied on *Tuomala* in support of its decision. Parker filed a timely notice of appeal.

## II. Analysis

{¶ 12} Parker raises a single assignment of error, which states:

Trial court erred when it overruled Appellant's Motion to Terminate Commitment filed on December 11, 2024 (sic). The Court erred in finding that the Appellant's first day of her "commitment" was on August 17, 2017 and also misapplied the holding in *State v. Tuomala*.

{¶ 13} Parker argues that the trial court erred in failing to grant her motion to terminate her commitment. She contends that her involuntary commitment began on September 23, 2016, and therefore expired on September 23, 2024, eight years later, because eight years was the maximum time she could have received had she been convicted of a felony of the second degree. The State asserts, however, that the statutory eight-year time limitation pursuant to R.C. 2945.401(J)(1)(b) did not begin until August 17, 2017, and has yet to expire. In order to determine whether the trial court's jurisdiction over Parker had expired, we begin our analysis by reviewing the process of determining a defendant's competence to stand trial and how this case proceeded.

{¶ 14} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). "In Ohio, R.C. 2945.37 protects the right of a criminal defendant not to be tried or convicted while incompetent." *Id.* "A defendant is competent to stand trial if she has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and has a rational as well as a factual understanding of the proceedings against her." *State v. Roberts*, 2013-Ohio-4580, ¶ 82, citing *Dusky v. United States*, 362 U.S. 402 (1960).

{¶ 15} The trial court, prosecutor, or defense in a criminal case may raise the issue of the defendant's competency to stand trial. R.C. 2945.37(B). If the issue of a defendant's competency is raised prior to trial, the trial court must hold a competency hearing. *State v. Were*, 94 Ohio St.3d 173 (2002), paragraph one of the syllabus. If, after a hearing, the trial court finds by a preponderance of the evidence that the defendant is incompetent to stand trial, "the court then proceeds under R.C. 2945.38, which sets out various paths forward based on factors such as the nature of the crime the defendant is charged with and the likelihood that the defendant will regain competency within a certain amount of time." *State v. Hough*, 2022-Ohio-4436, ¶ 22; R.C. 2945.37(G).

{¶ 16} In this case, Parker's counsel raised the issue of competency prior to trial, and a hearing was held following a competency evaluation. On September 23, 2016, Parker was found incompetent but restorable under R.C. 2945.38(B)(1)(a)(i). Pursuant to that statute, "if the court finds that the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent to stand trial

within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment." However, no defendant shall be required to undergo treatment as ordered under R.C. 2945.38(B)(1) for longer than one year if the most serious offense for which the defendant is charged is an offense of violence that is a felony of the first or second degree. R.C. 2945.38(C)(1)(b). Parker was charged with one count of felonious assault, a felony of the second degree, which qualified as an offense of violence. R.C. 2901.01(A)(9)(a). Accordingly, pursuant to R.C. 2945.38(C), the trial court was authorized to order Parker to undergo court-ordered treatment for a maximum of one year from September 23, 2016.

{¶ 17} During a defendant's court-ordered treatment under R.C. 2945.38(B)(1)(a), the person who supervises the treatment or continuing evaluation and treatment of the defendant is required to file a written report with the court at certain specified times. R.C. 2945.38(F). One of those times is 14 days before the expiration of the maximum time for treatment as specified under the statute. R.C. 2945.38(F)(2). Another specified time is when the supervisor "believes that there is not a substantial probability that the defendant will become capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense even if the defendant is provided with a course of treatment." R.C. 2945.38(F)(4).

{¶ 18} Following the receipt of a report from Summit that Parker was incompetent and that there was not a substantial probability that Parker would be restored to competency within the one-year time limitation even if she were provided with a course of treatment, the State filed a motion for the court to retain jurisdiction pursuant to R.C.

2945.39(A). That statute "authorizes a common pleas court to exercise continuing jurisdiction over a criminal defendant who has been charged with a violent first- or second-degree felony and who has been found incompetent to stand trial and remains so after the expiration of R.C. 2945.38's one-year time frame for restoring competency." *State v. Williams*, 2010-Ohio-2453, ¶ 1. In order to maintain jurisdiction, however, the court must hold a hearing and find both of the following requirements by clear and convincing evidence:

    a. The defendant committed the offense with which the defendant is charged.

    b. The defendant is a person with a mental illness subject to court order or a person with an intellectual disability subject to institutionalization by court order.

R.C. 2945.39(A)(2)(a)-(b). If the court conducts a hearing and makes both of these findings, "then R.C. 2945.39(D)(1) directs the court to commit the defendant to a hospital operated by the Department of Mental Health or to another appropriate facility." *Williams* at ¶ 15. If a court makes a commitment under R.C. 2945.39(D)(1), all further proceedings must be in accordance with R.C. 2945.401 and 2945.402. R.C. 2945.39(D)(3).

{¶ 19} On August 17, 2017, following a hearing, the trial court found Parker incompetent and non-restorable within the one-year statutory time. The court then found that Parker met the statutory requirements for the trial court to retain jurisdiction over her pursuant to R.C. 2945.39(A)(2). Accordingly, the trial court ordered Parker committed

for treatment at Summit pursuant to R.C. 2945.39(D)(1) and retained jurisdiction subject to R.C. 2945.401 and 2945.402.

{¶ 20} Under R.C. 2945.401(J)(1)(a)-(c), the trial court's jurisdiction over a defendant or person committed pursuant to R.C. 2945.39 terminates upon the earlier of the following: "(a) the trial court's determination that the defendant is no longer a mentally ill person subject to hospitalization by court order, (b) the expiration of the maximum prison term the defendant could have received if the defendant had been convicted of the most serious offense charged, or (c) the trial court's termination of the commitment under R.C. 2945.401(J)(2)(a)(ii), which requires findings that the defendant is competent to stand trial and is no longer a mentally ill person subject to hospitalization by court order." *Williams* at ¶ 17. If the jurisdiction is terminated due to the expiration of the maximum prison term, the court or prosecutor may file an affidavit for the civil commitment of the defendant or person pursuant to R.C. Chapters 5122 or 5123. R.C. 2945.401(A).

{¶ 21} This appeal concerns the termination of Parker's commitment pursuant to R.C. 2945.401(J)(1)(b) and the interpretation of that statute. Under R.C. 2945.401(J)(1)(b), Parker's commitment would terminate at the expiration of the maximum prison term that she could have received if she had been convicted of the most serious offense charged, felonious assault. The parties agree that the maximum prison term Parker could have received for felonious assault was eight years. According to Parker, the eight years started when she was found incompetent but restorable and ordered committed on September 23, 2016. According to the State, the eight years started when Parker was found incompetent and not restorable and ordered committed

on August 17, 2017. We conclude that the plain language of R.C. 2945.401(J)(1)(b) required the eight-year period to start running on August 17, 2017.

{¶ 22} "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wingate v. Hordge*, 60 Ohio St.2d 55, 58 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101 (1973). If the language of the statute is clear and unambiguous, a court must apply it as written. *State v. Straley*, 2014-Ohio-2139, ¶ 9. When the language is plain and unambiguous and " 'conveys a clear and definite meaning[,] there is no occasion for resorting to rules of statutory interpretation,' because 'an unambiguous statute is to be applied, not interpreted.' " *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. Statutory interpretation is a matter of law, which this court reviews de novo. *State v. Ashcraft*, 2022-Ohio-4611, ¶ 7.

{¶ 23} On September 23, 2016, Parker was found incompetent but restorable and ordered committed pursuant to R.C. 2945.38; the trial court was authorized to order Parker to undergo court-ordered treatment for a maximum of one year from September 23, 2016. Before that year ended, the State filed a motion pursuant to R.C. 2945.39(A)(2), requesting the court to retain jurisdiction over Parker. Consequently, on August 17, 2017, Parker was found incompetent and not restorable within the one-year time limit set forth in R.C. 2945.38 and was ordered committed pursuant to R.C. 2945.39. Notably, R.C. 2945.39(A) provides that a trial court can only consider whether to retain jurisdiction of a qualifying defendant if the defendant is deemed incompetent to stand trial

*after* the expiration of the maximum permitted time for treatment or *after* the court determines that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment. "A defendant found incompetent to stand trial and committed pursuant to section 2945.39 of the Revised Code or a person found not guilty by reason of insanity and committed pursuant to section 2945.40 of the Revised Code shall remain subject to the jurisdiction of the trial court *pursuant to that commitment*, and to the provisions of this section, until the final termination of the commitment as described in division (J)(1) of this section." (Emphasis added.)   R.C. 2945.401(A).

**{¶ 24}** A "defendant or person who has been *committed pursuant to section 2945.39 or 2945.40 of the Revised Code* continues to be under the jurisdiction of the trial court until the final termination of the commitment." (Emphasis added.) R.C. 2945.401(J)(1).   The final termination of the commitment can occur upon "[t]he expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity."   R.C. 2945.401(J)(1)(b).   This language is clear and unambiguous.   The time limitation of the expiration of the maximum prison term as stated in R.C. 2945.401(J)(1)(b) is triggered when an individual is committed pursuant to either R.C. 2945.39 or 2945.40.   It does not apply to an individual committed pursuant to any other statute, including R.C 2945.38.   Parker was first committed pursuant to R.C. 2945.39 on August 17, 2017.   Therefore, the maximum

eight-year term for which the trial court could retain jurisdiction over Parker's commitment had not yet expired when the trial court overruled Parker's motion to terminate her commitment.

{¶ 25} Parker argues in her brief that "[t]he commitment for purposes of Not Guilty by Reason of Insanity (NGRI) begins when the court accepts the NGRI plea and orders the defendant to be committed for a sanity examination." In support of her position, Parker relies on *People v. Arellano*, 550 P.3d 697 (Colo. 2024), for the proposition that " 'commitment' begins when the court orders the defendant committed for a sanity examination upon accepting the NGRI plea." Appellant's Brief p. 8.

{¶ 26} Parker's reliance on *Arellano* is misplaced; that case involved a Colorado statute relating to pretrial commitment of a defendant who had entered a NGRI plea and had been impermissibly ordered into custody. *Arellano* at 697-698. The Colorado Supreme Court determined that the relevant Colorado statute did not permit a court to order a defendant into custody solely to undergo a sanity evaluation. *Id.* at 698. We see nothing in *Arellano* that is relevant to the determination of this case.

{¶ 27} Parker also argues that the trial court improperly relied on *State v. Tuomala*, 2004-Ohio-6239, to overrule her motion. In that case, Tuomala was arrested on May 8, 2000, and subsequently charged with one count of receiving stolen property, a felony of the fourth degree. Tuomala sought a court-ordered competency evaluation and entered a plea of NGRI. *Id.* at ¶ 1. On August 25, 2000, the trial court found Tuomala to be incompetent to stand trial and ordered him committed to the Northcoast Behavioral Healthcare Facility. Thereafter, Tuomala was found competent to stand trial and was

returned to the county jail. *Id.* at ¶ 2. On February 8, 2001, the trial court found Tuomala NGRI and committed him pursuant to R.C. 2945.40 to Heartland Behavioral Healthcare. *Id.* at ¶ 3.

{¶ 28} A hearing on the continued commitment of Tuomala was ultimately scheduled for November 19, 2001. *State v. Tuomala*, 2002-Ohio-6936, ¶ 4 (11th Dist.). The State filed a motion to continue the hearing, stating that Tuomala was subject to the trial court's jurisdiction until August 2002. *Id.* In response, Tuomala argued that he should have received credit for time served after his arrest but prior to his February 26, 2001 commitment, such that the trial court's jurisdiction had expired. Tuomala moved to dismiss the matter because the trial court had exceeded its statutorily limited jurisdiction. *Id.* at ¶ 5. The trial court overruled Tuomala's motion to dismiss, finding that because it had found Tuomala NGRI on February 8, 2001, its jurisdiction would not terminate until August 8, 2002, the date it identified as the expiration date of the maximum term of imprisonment that Tuomala could have served for a felony of the fourth degree (18 months). *Id.* Tuomala appealed.

{¶ 29} The Eleventh District Court of Appeals reversed the judgment of the trial court, holding that the court should have applied R.C. 2967.191 and credited Tuomala with time served prior to the court's finding him NGRI. *Tuomala*, 2004-Ohio-6239, at ¶ 5. According to the appellate court, Tuomala's commitment should have been calculated from the date of his arrest on May 8, 2000, and therefore the trial court's jurisdiction should have extended only until November 2001. *Id.* The State appealed, and the Supreme Court accepted jurisdiction.

{¶ 30} The dispute addressed by the Supreme Court was whether Tuomala was entitled to credit for pre-adjudication confinement pursuant to R.C. 2967.191. The Court answered in the negative and reversed the decision of the court of appeals. The Court concluded that, "because R.C. 2967.191 applies only to those who have been 'convicted and sentenced,' it does not apply to individuals who have been found not guilty by reason of insanity and who are committed to a mental health facility because those persons have not been convicted of a crime nor sentenced therefor." *Id.* at ¶ 32.

{¶ 31} According to Parker, *Tuomala* does not apply to her case because she was not seeking jail-time credit. Rather, Parker contends that because she was "committed" to Summit on September 23, 2016, that was the logical starting point for calculating the eight-year time frame. The State, on the other hand, argues that the "reasoning in *Tuomala* can be used as a framework for Parker's appeal" in that Parker is not entitled to credit for the time she was committed under R.C. 2945.38 prior to the trial court's August 17, 2017 order committing her pursuant to R.C. 2945.39.

{¶ 32} The underlying rationale for denying Tuomala jail-time credit was that the plain language of R.C. 2967.191 indicated that jail-time credit applied to incarceration following a conviction, but Tuomala, who had been committed after a finding of NGRI, had not been incarcerated after a conviction. *State v. Jones*, 2015-Ohio-4512, ¶ 20 (2d Dist.). The Supreme Court stated:

> Although the General Assembly has set forth a mechanism whereby
> defendants who are convicted and sentenced may receive credit for time
> served, it simply has not provided the same mechanism for defendants who

are found not guilty by reason of insanity and are committed to a treatment

facility. *Absent such a legislative enactment, the General Assembly has*

*not conferred to any entity the authority to reduce the commitment period of*

*these individuals for time served.* To judicially confer that authority would

invade the province of the General Assembly.

(Emphasis added.) *Tuomala,* 2004-Ohio-6239, at ¶ 20. Notably, in *Tuomala*, the pre-adjudication time for which the defendant did not receive credit included not just his incarceration in jail, but also the time he served while committed pursuant to R.C. 2945.38.

{¶ 33} R.C. 2945.38(I) specifically provides that, if a defendant is convicted of a crime and sentenced to jail, the defendant's sentence shall be reduced by the total number of days the defendant was confined for evaluation to determine his or her competence to stand trial or treatment under R.C. 2945.38, 2945.37, and 2945.71, or by the total number of days the defendant was confined for evaluation to determine the defendant's mental condition at the time of the offense charged. Thus, while the General Assembly has decided to grant defendants credit for pretrial confinement for evaluation and treatment if they are subsequently convicted and sentenced to jail, there is no similar credit upon a finding of NGRI to reduce the trial court's maximum jurisdictional limit under R.C. 2945.401(J)(1)(b). Although it is certainly within the General Assembly's authority to amend R.C. 2945.401 to provide for a reduction in the maximum term permitted based on a commitment pursuant to R.C. 2945.38, we may not usurp that lawmaking prerogative by judicially adding language to the statute that is not there. Thus, the eight-year limit

on jurisdiction applies only to the amount of time Parker was committed pursuant to R.C. 2945.39 and 2945.40.

**{¶ 34}** We note that, although Parker was eventually found competent to stand trial, she was immediately thereafter found NGRI and committed to treatment pursuant to R.C. 2945.40(F). These facts did not constitute the necessary prerequisites to terminate her commitment under R.C. 2945.401(J)(2)(a)(ii), which requires a determination that the defendant is competent to stand trial *and* is no longer a mentally ill person subject to hospitalization by court order. Here, the trial court found that Parker remained a mentally ill person subject to hospitalization by court order. Further, the requirements for termination of one's commitment under R.C. 2945.401 apply whether a defendant is found incompetent to stand trial and committed pursuant to R.C. 2945.39 or is found NGRI and committed pursuant to R.C. 2945.40. R.C. 2945.401(A). The fact that Parker was committed under both R.C. 2945.39 and R.C. 2945.40 during the eight-year period does not change our analysis of when the eight-year time limitation began to run.

**{¶ 35}** We cannot conclude that the trial court erred in overruling Parker's motion to terminate her commitment and finding that the eight-year limit for Parker's commitment began on August 17, 2017, when she was initially committed pursuant to R.C. 2945.39.

**{¶ 36}** Parker's sole assignment of error is overruled.

### III. Conclusion

**{¶ 37}** Having overruled the sole assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HANSEMAN, J., concur.